(76 App. Div. 25.)

PEOPLE v. HOCHSTIM.*

(Supreme Court, Appellate Division, First Department. November 14, 1902.)

1. ELECTIONS—DEPUTY SUPERINTENDENTS—DUTIES—RIGHT TO MAKE ARRESTS.
    The metropolitan election district act makes it the duty of deputy superintendents of elections to arrest without a warrant any person attempting to violate certain provisions of the election law. Defendant was indicted under Laws 1898, c. 676, § 7, amended by Laws 1899, c. 499, forbidding a person from hindering such officer in the performance of his duty; the indictment alleging that the officer lawfully had in custody a person who had falsely registered as a qualified voter, and that defendant aided him to escape. The evidence showed that such person's right to register had been challenged, but that he did register after an investigation in which the person was examined,—but the result of the examination was not shown,—and that, when such person attempted to vote, he was arrested by the officer, and defendant aided him to escape. *Held*, that it was error to refuse to direct an acquittal for failure to prove false registration, as, without such evidence, it did not appear that the officer was acting in the line of his duty.

2. SAME—PEACE OFFICERS.
    The fact that the deputy is also a peace officer did not justify the arrest, as, under Code Cr. Proc. § 177, a peace officer can only arrest without warrant when the crime is committed in his presence, or where the person arrested has committed a felony, or a felony has been committed, and the officer believes the person arrested to be the one who committed it.

Appeal from court of general sessions, New York county.

* For additional opinion, see 78 N. Y. Supp. 986.

Max Hochstim was convicted of hindering and delaying an election officer in the performance of his duty, and appeals. See 73 N. Y. Supp. 626. Reversed.

Argued before O'BRIEN, HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

William D. Guthrie and Ira Leo Bamberger, for appellant.
Job E. Hedges, for the People.

McLAUGHLIN, J. This appeal is from a judgment convicting the defendant of a felony, for which he was sentenced to be imprisoned for a term of not less than one year, nor more than three years. Chapter 425, Laws 1901. The facts set forth in the indictment as constituting the crime were, in substance, that on the 7th day of November, 1899, one William M. Chapman, a deputy superintendent of elections in and for the metropolitan election district, lawfully had in his custody and under arrest one James Bassett, who was guilty of a felony, in that he had falsely registered as a qualified voter in a certain district of the city of New York, and that the defendant, having knowledge of such facts, hindered and delayed Chapman in the performance of his duties as such officer, in violation of the provisions of section 7 of chapter 676 of the Laws of 1898, as amended by chapter 499 of the Laws of 1899, by acting with others in releasing Bassett and aiding him to escape. At the trial it appeared, or evidence was adduced from which the jury might have found, that Chapman was a duly appointed deputy superintendent of elections, and at the time stated in the indictment, and for some time prior thereto, had been acting as such; that on the 20th of October, 1899, Bassett claimed the right to register as an elector in a certain election district of the city of New York, for the purpose of qualifying himself to vote in such district at the general election to be held on the 7th of November following; that his right to register was challenged by Chapman, but, notwithstanding that fact, he took the oath required by statute, and was duly registered; that thereafter Chapman instituted an investigation for the purpose of ascertaining whether Bassett resided at the place given by him in his application for registration, and, as a part of such investigation, took him to the office of the superintendent of elections for examination, but what there transpired does not appear in the record before us. It is, however, fairly to be inferred, inasmuch as no proceedings were taken to strike Bassett's name from the roll of qualified voters prior to the election, that facts were not established which justified action being taken for that purpose. This inference must necessarily be drawn, in view of the fact that no evidence whatever was offered at the trial that Bassett did not have the legal right to register in the district in which he did, or to vote therein at the general election held on November 7, 1899. On the day of election, Bassett presented himself at the polling place in the district where he had registered, and, as he approached the ballot clerk, he gave his name and address and asked for ballots, whereupon Chapman, who had previously gone to the polling place, stepped forward and placed his hand upon Bassett's shoulder, at the same time saying that he arrested him for illegal registration; and what

followed such announcement is described by Chapman. He testified that:

"A dispute immediately arose as to whether he should be arrested before he voted or after he voted. I said my orders were to place him under arrest before he voted. The crowd then, among whom was Hochstim, said he would vote first, and then afterwards I could arrest him."

A disturbance immediately followed, in which several persons, including the defendant, took part; and the result of which was that Chapman was pushed into a corner of the room, and there kept until Bassett had voted and escaped from the room.

At the close of the people's case, and again at the close of the whole case, motions were made by the defendant's counsel to direct the jury to acquit the defendant upon the ground that the people had failed to establish facts sufficient to sustain the indictment, in that they had failed to prove that Bassett was guilty of the felony of false registration. Both motions were denied, and an exception in each instance duly taken. These exceptions present one of the grounds upon which a reversal of the judgment of conviction is asked.

We are of the opinion that the exceptions were well taken, and that they necessitate a reversal of the judgment. The crime, for the commission of which the defendant was convicted, was that he, at the time stated in the indictment, hindered and delayed Chapman, a deputy superintendent of elections, in the performance of his duty, in violation of section 7 of the statute hereinbefore referred to, which provides that any person who shall willfully hinder or delay a deputy superintendent of elections in the performance of his duty shall be guilty of a felony. That the evidence justified the jury in finding that the defendant did in fact hinder and delay Chapman in attempting to arrest Bassett cannot, we think, be seriously questioned. It is conceded that the arrest was attempted to be made without a warrant.

The metropolitan election district act imposes certain duties upon deputy superintendents of elections, and, among others, to arrest without a warrant any person who, in the presence of such officer, violates or attempts to violate any provision of the election law or the Penal Code relating to crimes against the elective franchise (section 6, subd. 2). It does not require such officer to arrest without a warrant in any other case, nor has he any authority to do so under the act. Here absolutely no proof whatever was offered to the effect that Bassett had violated or attempted to violate any provision of the election law, or committed any crime. It is true that Chapman had previously challenged Bassett's right to register, but the challenge was of no avail, inasmuch as evidence was furnished sufficient to satisfy the officers having the registry in charge; nor did the people, upon the trial, notwithstanding the fact was alleged in the indictment, attempt to prove that Bassett did not in fact have a legal right to register, or to vote at the time the attempt was made to arrest him. In the absence, therefore, of proof to the effect that Bassett was guilty of the felony of false registration, as alleged in the indictment, or that he at the time had no right to vote, or had committed some crime against the elective franchise, no duty was imposed on Chapman,

and he had no right to arrest him, and in attempting to do so he was not acting in the line of his duty. Under the statute, Chapman was a peace officer, but this did not give him a right to arrest without a warrant, any more than did the act under which he was appointed. An arrest can be made, under section 177 of the Code of Criminal Procedure, by a peace officer without a warrant, only when a crime has been committed or attempted in his presence, or where the person arrested has committed a felony, although not in his presence, or where a felony has in fact been committed, and the officer making the arrest believes the person arrested to have committed it. Craven v. Bloomingdale, 54 App. Div. 266, 66 N. Y. Supp. 525. Here, as already indicated, the people failed to establish any of the facts which justified Chapman, as a peace officer, in making an arrest without a warrant, and in attempting to do so he had no more authority than he did as deputy superintendent of elections. Under the facts established, Chapman's act was unauthorized, and an unjustifiable interference with an elector's right to vote. There was therefore at the close of the people's case, as well as at the close of the whole case, a failure to prove the fact alleged in the indictment which would have justified Chapman in arresting Bassett without a warrant, viz., that he was guilty of "the felony of false registration," and for this failure the jury should have been directed to acquit.

The judgment of conviction appealed from must be reversed, and a new trial granted.

O'BRIEN, J., concurs. LAUGHLIN, J., concurs in result.

INGRAHAM, J. I concur in the reversal of this judgment, as I think that Chapman, the deputy superintendent of elections, in attempting to arrest Bassett while he was about to vote, not only was not engaged in performing a duty imposed upon him by law, but was acting in direct violation of the constitution of this state. The election law does not authorize, either directly or indirectly, an arrest so as to prevent a duly registered elector from casting his ballot. That Chapman had a right to arrest Bassett if he had reasonable ground for believing that Bassett was guilty of a felony in illegally registering, and if a felony of that character had been in fact committed, provided he did not exercise that right under such circumstances as would prevent Bassett from casting his vote, is conceded. Bassett's right to vote, however, was secured to him by section 1 of article 2 of the constitution; and neither the legislature, nor any officer acting under legislative authority, had the power to prevent him, when duly registered according to law, from casting his vote at the election. Bassett had presented himself for registration, his right to register had been challenged, and the question as to his right to vote had been passed upon by the inspector of elections, and he had been duly registered, whereby he became a qualified voter, and entitled to cast his vote. When he demanded his right to vote, his right could be challenged, but, if he made the necessary oath as to his qualifications as a voter, the inspectors were bound to accept his vote (People v. Bell, 119 N. Y. 175, 23 N. E. 533); and any one, whether

a deputy superintendent of election, or holding any other office, who deliberately and intentionally interfered to prevent the exercise of that right, violated section 41k of the Penal Code. The right of a citizen of this state to vote is protected by most careful provisions of the constitution and the statutes. The legislature has no power to enact a law by which a person thus qualified can be deprived of his vote, and no person can lawfully exercise power conferred upon him in such a way as to prevent a duly registered citizen from exercising that right. The attempt of Chapman to arrest Bassett, so as to prevent him from voting, and his refusal to allow Bassett to vote when he demanded that he be allowed to exercise that right notwithstanding the arrest, was a distinct violation of his (Chapman's) duty to obey the constitution and laws of this state; and, assuming that there was evidence to justify the jury in finding that this defendant took part in a proceeding which had for its purpose the enforcement of the right by Bassett to cast his vote, he thereby violated no valid law of this state, and is not liable to be punished. I think that the act of Chapman was a direct violation of law, and that the defendant's act in insisting upon it that Bassett should be allowed to vote was not a violation of the provision of the statute which makes it a crime for one who shall willfully hinder or delay, or attempt to hinder or delay, such superintendent or deputy in the performance of his duty.

HATCH, J. I am of the opinion that, under the constitution of this state, the legislature has no power, by act or otherwise, to authorize the arrest of an elector for an offense committed against the election laws of the state, when such elector has prima facie complied with the laws which entitle him to vote, so as to prevent him from voting when he presents himself for such purpose, or to otherwise authorize interference with the free, full, and untrammeled exercise of such right. The right to vote is guarantied to the citizen by the constitution of the state. This right is unqualified, when compliance is had with the law sufficient to evidence the same; i. e., when he is properly registered as required by law. This being done, there can be no lawful interference with the exercise of the right under any pretense or by any authority whatever, except to challenge the elector's right to vote. If, when challenged, the elector takes the prescribed oath, he must then be permitted to cast his vote without further interference by any person,—officer or otherwise. It is evidently the scheme of the constitution, and the election laws auxiliary thereto, to secure to the citizen the absolute right to exercise the elective franchise. For the purpose of preventing frauds and crimes by individuals not authorized to exercise this right, laws have been passed safeguarding the same, and penalties have been provided for a violation of such laws. Thereunder prosecutions may be had of the fraudulent voter in the inception of evidencing his right to vote, and may follow the full consummation of his act after his ballot has been cast. When the voter has complied with the election laws so far as to evidence his right to vote, then he must be permitted to cast the same, subject alone to the single right of challenge. The citizen who has registered, if charged with false registration, may be proceeded against before he presents himself to vote, or after he has

performed that act. The act of voting embraces not alone the citizen's presence in the voting booth, but every step in the process of going to the election booth with intent to vote, until the final consummation of casting the ballot. No interference with the citizen after he has registered, except to challenge his right to vote, either by threats of arrest or by any other form of intimidation, or by interference when exercising the right, is permitted. Each and all such acts are unlawful, no matter by whom perpetrated.

If the statute in question in this action be construed as authorizing the arrest of an elector, duly registered, while in the act of proceeding to vote or voting, it invades the constitutional requirement and is invalid. As I view the act, however, such is not its necessary construction. The authority to arrest is found in subdivision 2 of section 6 of the act (chapter 676, Laws 1898, as amended by chapter 499, Laws 1899). This provision authorizes all deputies to "arrest any person without warrant, who in his presence violates, or attempts to violate any of the provisions of the election law, or the Penal Code relating to crimes against the elective franchise." There is nothing in the terms of this provision which authorizes an arrest when the voter is exempted therefrom by virtue of any provision of law, constitutional or otherwise. The statute does not pretend to authorize the deputy to make an arrest of the person of the elector during the time when he is in the act of voting. If it did, the authority would be invalid. It is clearly permissible, therefore, to construe this provision as authorizing an arrest without a warrant in the manner and form as prescribed by law, and so bring it in harmony with the constitutional right of the voter, by making it obedient and subordinate to such constitutional right. Such a construction is not only authorized, but is compelled, in order that force and effect may be given to the constitutional requirement, and at the same time preserve the legislative enactment. People v. Pratt, 22 Hun, 300. Such construction preserves and upholds the authority of the deputy to make an arrest for infringement of the election law, subject, however, to the right of the elector to cast his vote.

The defendant, by insisting that the elector should be permitted to vote before he could be placed under arrest and deprived of his right, was not guilty of any unlawful act, for the reason that no authority was conferred upon the officer to make the arrest, and thereby deprive the elector of his right to vote. That act being unlawful, the defendant was justified in resisting it. The defendant was not justified, however, in interfering with the officer after the elector had cast his vote. He then became subject to arrest, and that without a warrant, if he had committed a felony, or if a felony had been committed, and the officer had reasonable ground to believe him to be the person who committed it. Under such circumstances, the authority of the deputy was ample to make the arrest; and the defendant, if he in any wise interfered with or prevented the officer from performing his duty, became guilty of a felony, for which he could be properly tried, convicted, and punished. There is some evidence in the present record which would authorize a jury to find that the defendant did interfere with the deputy after the elector had voted;

and, if it be made to appear that he had committed a felony, then such interference by the defendant would constitute an offense for which he could be properly indicted, tried, and convicted. The difficulty, however, with the present situation, is that no sufficient proof has been offered to show that Bassett committed any offense against the election laws or otherwise; and such fact is required to be established by competent and sufficient proof before the defendant can be adjudged guilty of any offense, for, without such fact being established, the deputy had no authority whatever to make the arrest at any time.

I concur with Mr. Justice McLAUGHLIN and with Mr. Justice INGRAHAM in their opinions. As no right of arrest of Bassett by the deputy in the present case has been shown, the conviction cannot be upheld. It should therefore be reversed, and a new trial granted.