190 So. 109

**ROBERSON et al. v. STATE.**

**8 Div. 788.**

Court of Appeals of Alabama.

June 20, 1939.

Perdue & Miller, of Moulton, for appellants.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

RICE, Judge.

Each of these appellants was convicted of "gaming on Sunday." Code 1923, Sec. 5539. They were tried together; and appeal, jointly—by agreement.

With the fact that the testimony shows without dispute that some officers of the law drove out into a "negro quarter" where "no disturbance was going on— none of them drunk,"—to use the officers' language—on a Sunday afternoon, and, after leaving their car some 400 or 500 yards from a negro's dwelling house, snooped back through a cornfield and "watched them (the negroes in the house) five minutes through a crack" before announcing their presence, perhaps we have nothing to do.

But there are two fatal difficulties in affirming the judgments here appealed from.

In the first place, the affidavits upon which appellants were put to trial were no affidavits at all. They each purport to be made before "Chas. E. Bragg, Judge of Probate and ex-officio Judge of the County Court." But they show on their faces that they were not. The jurat, in each case, was signed by "W. G. Houston, J. P." The affidavits were void; and served in no manner to confer jurisdiction upon the County Court of Lawrence County to try the cases. Thomas v. State, 166 Ala. 40, 52 So. 34.

It follows that the judgments of conviction were void; and that the appeals must be dismissed, and, the statute

of limitations having now barred further prosecution, the appellants discharged from custody. Woodham v. State, 28 Ala. App. 62, 178 So. 464; Kyser v. State, 22 Ala.App. 431, 117 So. 157.

But if the above were not true, we find in the bill of exceptions no sufficient evidence (Ex parte Grimmett, 228 Ala. 1, 152 So. 263), even if it could be said there were a scintilla, upon which to sustain the convictions. Code 1923, Sec. 9502.

So, in any event, the appellants ought to be discharged.

The appeals are dismissed, with directions to the lower court that they be so.

Appeals dismissed.