41 So.2d 198

**SPECK et ux. v. STATE.**

**8 Div. 701.**

Court of Appeals of Alabama.

Feb. 22, 1949.

Rehearing Denied March 8, 1949.

326

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellants are charged, in separate complaints, with resisting an officer in his attempt to execute a search warrant. Title 14, Sec. 402, Code 1940.

By agreement of counsel the two cases were tried jointly. The court, sitting without a jury, rendered judgments of guilt against both. The appellants are husband and wife.

The only question of material moment for our review is whether or not the acts and conduct of the defendants or either of them constituted "resisting" or "opposing" within the contemplation of the statute, supra.

The search warrant authorized the officers to search the home of the appellants. The occupants did not express any opposition to a rather thorough investigation into the various compartments of the house, until the officers came finally to see what they could find in a bed.

As to what occurred at this time, the chief of police testified:

"I started in to search the bed in the next room just north of that. That was

Wm. Stell, of Russellville, for appellants.

the south bedroom and this was the bedroom north. Right straight across was another bedroom and a bed in it. I started to search that bed, and she got ahead of me and lay down on the bed before I could get to it. She said she was going to lay down. I said, 'No, I am going to search it.' She said, 'No.' I said, 'How about laying down on the other bed. I am going to search this one.' She says, 'I am going to lay here.' I says, 'I am going to search it.' Then Ralph says, 'Keep your damn hands off that bed. I am getting damned tired of you fellows every time I turn around.' * * *

"Q. What did you say when Ralph said to keep your hands off the bed? A. When I told her I was going to search the bed, she says, 'You are not going to search this bed. I am sick.' I said, 'I am going to search it, get off the bed.' She said she was not going to do it, and then Ralph said, 'Keep your damn hands off the bed. You are not going to search it and she is not getting up.' He says, 'Get out of here.' I says, 'Maybe you better put me out', something like that. Then she commenced begging them for a glass of water. I said, 'Well, if you are sick, I am going to send and get a doctor and see how sick you are.' "

Another officer testified with reference to this particular incident as follows:

"Q. What did Ralph do? A. He told Mr. Stone not to put his hands on that bed. Not put his damned hands on that bed and get out. 'By God, I'll make you, you all better go on away.' "

The above is the only evidence which could be taken in any manner to sustain the charge.

We, of course, must consider the evidence in its most favorable light to the State in deciding the matter of instant concern.

In the case of Caldwell v. State, 32 Ala. App. 228, 23 So.2d 876, we held that the evidence there did not warrant a conviction. The case at bar is peculiar in its facts, and they are quite dissimilar to those in the Caldwell case.

The obstruction of public officers in the performance of their official duties is an offense at common law and has been made so by statute in most, if not all, of the States of the Union.

In some jurisdictions either actual force, threats, or hostile demonstrations are essential to constitute the offense. The authorities, therefore, must be read in consonance with the statute they seek to apply.

In our jurisdiction the act provides in pertinent part: "Any person who knowingly and wilfully opposes or resists any officer of the state or county or municipality in serving, executing, or attempting to serve or execute, any legal writ or process whatsoever * * *."

In construing statutes of like import the courts are clear to the view that the offense can be committed without the employment of actual force or direct violence. Vol. 39, Am.Jur., Sec. 10, p. 507.

In the early case of King v. State, 89 Ala. 43, 8 So. 120, 121, 18 Am.St.Rep. 89, the accused snatched a warrant for his arrest out of the hands of the officer and kept it until the next morning. It appears that at this latter time he did not restore it to the possession of the officer, but dropped it out of his pocket and the officer repossessed it. The defendant refused to go or be carried before the justice who issued the warrant, but declared his intention to carry the document to his attorney at the county seat. The defendant also used offensive language. The court observed: "The undisputed testimony shows that he resisted the officer in the execution of the process. There was testimony which makes defendant's conduct much more culpable, but we place our judgment on that which was most favorable to him."

In the case of Appling v. State, 95 Ark. 185, 128 S.W. 866, 867, 28 L.R.A., N.S., 548, the Supreme Court of Arkansas reviewed a case in which the defendant was charged with "obstructing * * * an officer in the service of process." The following charge was requested and refused: "The mere stating by defendant that the officers could not search the house, unaccompanied

by any overt act or threat by her, would not be a violation of the law, and, if you should find that this was all that she did, you will acquit."

██ In approving the disallowance of this charge the court observed: "It would not do to hold that one who stands in the way and refuses to permit an officer to execute process is guiltless of obstructing the officer. Such refusal is of itself an obstruction, for the officer may desist in order to avoid violence or bloodshed, and the service of process would be thus hindered. It is the purpose of the statute to prevent this. The statute is broad, and covers any resistance or obstruction to an officer in the execution of process. If appellant stood on the threshold of the house and refused to permit the officer to enter for the purpose of executing the writ, her attitude was of itself an obstruction and resistance, and no further overt act was necessary to complete the offense."

The court was here dealing with the descriptive word "obstruct." Even so, it implies more active striving and force than the word "oppose."

██ See also, People v. King et al., 236 Mich. 405, 210 N.W. 235, 48 A.L.R. 742, and annotated cases; Reed et al. v. State, 103 Ark. 430, 147 S.W. 76, Ann.Cas.1914B, 811.

In the case of Crumpton v. Newman, 12 Ala. 199, 46 Am.Dec. 251, the defendant was charged with opposing the officer in the execution of a civil process by concealing and keeping concealed the property which was sought to be seized. The court held that these allegations in the affidavit did not amount to an offense under the statute. It is apparent that this authority is not controlling in the case at bar.

The purpose of the legislature in enacting the statute in question is manifest. It is reasonable to conclude that by its passage the lawmakers intended that it should apply to facts and circumstances of instant concern.

We hold, therefore, that as to each appellant the judgment of the court below should be affirmed. It is so ordered.

Affirmed.