Mitchell D. Schweitzer, J.
The defendants move to set aside two orders of this court each dated January 21,1951, which directed the District Attorney of New York County to file two informations, one against Florence Pike and Helen Pike charging each with the crime of assault in the third degree, and the other charging Daniel Papp with the crime of resisting a public officer in the discharge of his duty.
The basis for the motions is that there was insufficient evidence ' before the Grand Jury to warrant the direction that the informations be filed.
The charge in the informations arose out of the same subject matter and hence the two motions will be considered together. The defendants Pike allege that the arrest by the police officers was illegal and whatever they did was justified in law. The defendant Papp urges that inasmuch as the arrest of the two Pikes was illegal, whatever is claimed that he did could not constitute the crime charged because of the illegality inherent in the acts of the police officers.
At the outset, the moving papers are based on information adduced at the Magistrates ’ Court hearing against these defendants on the same charges, where the proceedings were dismissed. Therefore, the allegations are not bottomed merely on speculation and surmise. Where the defendants supply extrinsic facts showing legal insufficiency and these are borne out by the Grand Jury minutes, the motion to dismiss the indictment should be granted (People v. Howell, 3 A D 2d 153, affd. 3 N Y 2d 672).
It is necessary to allude to the factual setting of the alleged crimes. A police officer, Patrolman Stey, was called into Klein’s Department Store by Helen Pike who told him that she wanted two women, Mrs. Minor and Mrs. Alston, arrested for fighting with her and her mother. At this point Detective Driscoll appeared and assumed charge. The two Pikes asked Detective *333 Driscoll to arrest the other two women who, in turn, demanded that the Pikes be arrested. The station wagon was called for all four women, but the Pikes refused to go along. They got permisión to call their lawyer, which Florence Pike did, but both still remained adamant and refused to go to the police station. Papp came upon the scene, identified himself as a friend of the Pikes and reportedly told them not to go to the station house. Meanwhile the other two women went into the patrol wagon. Sometime later, while Detective Driscoll was pushing Florence Pike into the station wagon, the latter allegedly kicked Detective Driscoll and broke away. Her daughter Helen, then allegedly pushed Detective Driscoll aside, yelling, “ Let me out, I want to help my mother, she’s sick.” The Pikes were, nevertheless, restrained and brought to the police station. Papp was arrested for resisting a public officer in the performance of his duties.
The Grand Jury minutes show that none of the police officers involved saw the alleged fight between the Pikes and the two other women. Whether the fight involved any actual physical contact or consisted in name calling cannot be gleaned from the minutes. Mrs. Minor and Mrs. Alston did not testify before the Grand Jury. Further, there is nothing in the record that could sustain even an inference that the Pikes had committed or attempted to commit a felony.
Section 167 of the Code of Criminal Procedure defines an arrest as follows: ‘ ‘ Arrest is the taking of a person into custody that he may be held to answer for a crime.”
Section 168 states that an, arrest may be made “ (1) By a peace officer, under a warrant; or (2) By a peace officer, without a warrant; or (3) By a private person.”
Section 171 states: ‘ ‘ An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer. ”
Section 177 deals with the right of a peace officer to arrest without a warrant and subdivision 1 thereof states: ‘ ‘ For a crime, committed or attempted in his presence ”. The other portions of the section deal with felony situations and have no application to the instant facts.
Section 183, in part, permits a private person to arrest another, “ 1. For a crime, committed or attempted in his presence ”.
Thus, in eases of misdemeanors, a peace officer without a warrant may arrest only where the offense was committed or attempted in his presence (People v. Defore, 242 N. Y. 13). And where the arrest is illegal, “ Defendant had the privilege, therefore, of resisting and using 1 force or violence ’ against his assailants, even though they were police officers, ‘ to prevent *334 an offense against Ms person * * * if the force or violence * * * [was] not more than sufficient to prevent such offense ’ (Penal Law, § 246, subd. 3).” (People v. Cherry, 307 N. Y. 308, 310; see, also, People v. O’Connor, 257 N. Y. 473, People v. Massey, 7 A D 2d 850; People v. Daniels, 285 App. Div. 619.)
This basic principle is reflected in the New York City Police Department Rules and Procedure (1956, p. 109, subd. 2.3) which state: “where a person charges another with a misdemeanor committed in his presence but not in the presence of a member of the force, such person shall be informed of his right to make an arrest. The member of the force shall accompany him and the prisoner to the station house and shall request the desk officer to record the complainant as having made the arrest. The complainant will be required to sign the complaint in court. ’ ’
Upon the evidence presented to the Grand Jury the police officers made an illegal arrest as the offense was not committed or attempted in their presence. The other women in this case, Mrs. Minor and Mrs. Alston were the only persons with the legal power to make the arrest.
The Grand Jury minutes do not disclose the use of excessive force by either Florence Pike or Helen Pike. Detective Driscoll’s statement mentions a Mck and an elbow push by Florence Pike and a push by Helen Pike. In People v. Cherry (supra) the defendant bit the thumb of one of the detectives. In this connection the Court of Appeals stated at page 310: ‘ ‘ The consequences were, we have no doubt, painful to the officer, but we do not see how a court may say that defendant employed more force than was reasonable under the very frightening circumstances that suddenly confronted him. If defendant had any right to prevent his arrest, he was privileged to take effective steps toward that end and was not confined to words or pushes or other futile gestures.”
While the issue of excessive force would ordinarily fall within the question of fact to be determined in a trial, this court must hold as a matter of law that there is no issue of excessive force suggested in the facts under consideration.
Regarding Papp’s motion, inasmuch as the arrest of Florence Pike and Helen Pike was illegal, the charge against Papp must necessarily fall, because of the legal insufficiency of the underlying charge. Section 1851 of the Penal Law makes it a misdemeanor for a person ‘1 to wilfully resist, delay or obstruct a public officer in discharging, or attempting to discharge, a duty of his office.” One of the elements of the crime is that the police officer be acting in the performance of a duty of his office. In the words of Judge Gaynor in People v. Hochstim (36 Misc. *335 562, 567 [granting a certificate of reasonable doubt], conviction revd. 76 App. Div. 25), “ If instead, he was committing a highhanded outrage on the rights and liberties of an individual, as was the case with this officer, then he was not in the performance of his duty.” (See, also, People v. Richter, 265 App. Div. 767; cf. People v. Daniels, 285 App. Div. 619, supra.)
The language of the Court of Appeals in People v. Cherry (supra), at page 311, aptly sums up the situation here: “ The investigation of crime does not require and, certainly, does not justify a disregard of basic rights on the part of law enforcement officials. The legislature has deliberately and carefully enacted legislation authorizing an arrest without a warrant in limited fact situations, and police officers may not ignore the law’s demands because they believe that effective policing or the end in view calls for such conduct. It may well have been misguided zeal, not deliberate violation of law, that underlay and accounted for what the officers here did. But, whichever it was, it would be a travesty to adjudge the very victim of the illegal arrest and the unprovoked attack guilty of the crime of assaulting his captors and assailants. The administration of justice would be ill served by such a result. ’ ’
The motions are granted and the orders of this court, dated January 21, 1959, directing the District Attorney to file an information charging the defendants Florence Pike and Helen Pike with the crime of assault in the third degree and the information charging the defendant Daniel Papp with the crime of resisting a public officer in the discharge of his duties, are vacated and set aside, and the proceedings dismissed.
Submit order.