111 So.2d 25

Willie Mae **PATTERSON**

v.

**CITY OF SYLACAUGA.**

7 Div. 551.

Court of Appeals of Alabama.

April 7, 1959.

Arthur D. Shores, Birmingham, for appellant.

McKay & Livingston, Sylacauga, for appellee.

HARWOOD, Presiding Judge.

On appeal from a judgment of guilty in the Recorder's Court of the City of Sylacauga this appellant perfected her appeal to the Circuit Court. There she was again

adjudged guilty under a complaint charging her with wilfully and knowingly resisting or opposing Albert Higgins, a Police Officer of the City of Sylacauga, in his attempt to serve, or execute, a search warrant.

The trial in the Circuit Court was before the judge without the intervention of a jury.

For the City of Sylacauga Albert Higgins, a police officer of that City, testified that on 11 October 1957, accompanied by Police Officer Thackerson, and B. B. Lee, and Howard Bonds, two agents of the Alabama Alcoholic Control Board, he went to the home of this appellant to make a search for prohibited liquors. Higgins carried with him a validly issued search warrant commanding a search of appellant's premises.

According to Higgins he knocked on the front door of appellant's home and someone called to come in.

Higgins and Thackerson entered and were met by the appellant who came from the adjoining kitchen. She was handed the search warrant for inspection.

Higgins and appellant then proceeded to the kitchen where the appellant and Helen Moore, a neighbor, had been cutting up pork.

Officer Higgins testified that after they entered the kitchen appellant told him "they" had not sold any whiskey in over a year, and for him to get to hell out of her house. He told her to sit in a chair until he finished the search. The appellant then picked up a butcher knife from the table holding the pork and advanced on the witness, with the point of the knife blade pointed his way. Higgins backed away and as appellant advanced toward him grabbed appellant and twisted the knife from her hand. He pushed appellant into a chair and ordered her to be seated, and placed the knife on top of a cabinet.

He proceeded to begin searching a deep freeze cabinet in the kitchen when appellant "came out of that chair and knocked me across the room,—she just ran into me as hard as she could. She didn't hit me." A scuffle ensued and with the aid of officer Bonds appellant was taken to the police car by the pair, with "her kicking and cursing and she said she wasn't going to jail."

Higgins denied he had struck appellant at any time in the house, or on the way to jail, and had only used force while subduing appellant after her attacks on him.

Officer Bonds' testimony was largely corroborative of Mr. Higgins.

According to the testimony of appellant and Helen Moore, they were sitting in appellant's kitchen cutting up the pork. While they were engaged in this task Officer Higgins, and another officer entered without warning. Appellant was handed a search warrant, and Higgins requested her to put down a knife she had in her hand which she had used in cutting up the meat. Appellant laid the knife on a table and sat in a chair.

While Officer Higgins was searching the deep freeze appellant requested he permit her to move some food therein. When she got up from the chair she was slapped and cursed by Higgins, and during this melee the meat fell from the table to the floor. When she attempted to pick up the meat she was again slapped and cursed. After this incident she was informed she was under arrest, her arm was twisted behind her back, and she was taken to the patrol car. Appellant and several of her witnesses testified that after she was placed in the back seat, and Officer Higgins was seated on the front seat, Higgins turned around and beat appellant with a stick estimated by witnesses to be 3 or 4 feet long. Appellant testified she went to a hospital for treatment of injuries received.

■ This being an appeal from a judgment of guilt for violation of a city ordinance, such an appeal is treated procedurally as are appeals in civil cases. The only errors presented for review in such appeals

are those assigned, and later carried forward and specified and argued in brief.

 The court's ruling was not invoked in the trial below as to any matter of evidence. Two errors are specified in appellant's brief. Both invoke the sufficiency of the evidence to support the judgment entered and are properly argued jointly in appellant's brief.

By Ordinance No. 1124 of the City of Sylacauga, Alabama, duly shown in evidence, it is unlawful for any person to commit an offense within said city, or its police jurisdictions, which is declared by the State of Alabama to be a misdemeanor.

Section 402, Title 14, Code of Alabama 1940, provides that: "Any person who knowingly and wilfully opposes or resists any officer of the State, or County, or Municipality in serving, executing, or attempting to serve or execute, any legal writ or process whatsoever, * * * shall, * * * be fined not less than fifty nor more than one thousand dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months."

The complaint filed by the City made it clear that appellant was being prosecuted for wilfully resisting Albert Higgins, a police officer of the City of Sylacauga, in attempting to serve a search warrant.

 Our statute, Section 402, supra, may be violated without the employment of actual violence or direct force. Speck v. State, 34 Ala.App. 325, 41 So.2d 198. Passive resistance, such as standing in the way of the officer and telling him he cannot search the premises is an opposing of the officer in carrying out his duties. The officer may desist under such circumstances in order to avoid violence.

 Under the evidence presented by the City in the trial below, this appellant was of course shown to be guilty of active and positive resistance to the search of her home, sought to be carried out by an officer under the positive mandate of a search warrant. While appellant's evidence was contradictory of that presented by the City, this merely raised a question of fact to be resolved by the court below, sitting without a jury. The evidence presented by the City was ample in its tendencies to support the judgment rendered. We find no basis that would justify our disturbing the conclusions of the trial judge, whose findings must be accorded the effect of a verdict by a jury.

Affirmed.