149 So.2d 921

**Fred L. SHUTTLESWORTH**

v.

**CITY OF BIRMINGHAM.**
**6 Div. 856.**

Court of Appeals of Alabama.

Oct. 23, 1962.

Rehearing Denied Dec. 11, 1962.

Peter A. Hall and Orzell Billingsley, Jr., Birmingham, for appellant.

Wm. C. Walker, Birmingham, for appellee.

CATES, Judge.

Shuttlesworth was found guilty under § 856 of the City Code of Birmingham for interfering with the chief of police in the latter's taking certain Freedom Riders into "protective custody."

Taking into protective custody we consider to mean the receiving of some one who places himself voluntarily under the protection of a peace officer.

Outside the bus station was a crowd of some 250 to 300 shouting for the police to give way, to let them take care of the Freedom Riders en route to Montgomery who, on the walkout of bus drivers, were stranded in Birmingham. The crowd was trying to press forward toward the bus loading

**2**

platform. Streets were blocked—Nineteenth entirely; Seventh Avenue between Eighteenth and Nineteenth.

Shuttlesworth has argued to us that the chief of police was not in the discharge of any legal duty. Harris v. City of Tuscaloosa, 21 Ala.App. 392, 108 So. 768, does not apply here; nor are People v. Papp, 19 Misc.2d 331, 185 N.Y.S.2d 907, and White v. Edmunds [1790], Peake 123, in point.

This argument can avail the appellant nothing, because his conduct was also that prohibited by § 825 of the City Code which provides for the same degree of punishment as § 856, § 825 making it an offense against the City for any person to commit an assault.[1] Andersen v. United States, D. C.Mun.App., 132 A.2d 155; affirmed 253 F.2d 335. See Duncan v. Jones [1936], 1 K.B. 218.

The definition of assault is well known from the common law. In Kennedy v. State, 39 Ala.App. 676, 107 So.2d 913, we had occasion to consider some of the elements of resisting arrest.

There may be a species of resisting an officer without at the same time committing an assault. Cf. Dist. Col. v. Little, 339 U.S. 1, 70 S.Ct. 468, 94 L.Ed. 599; Innes v. Wylie [1844], 1 Car. & Kir. 257; Patterson v. City of Sylacauga, 40 Ala.App. 239, 111 So. 2d 25. But under the wording of § 856 opposing or interfering or hindering are alternatives to resistance, so that it is our view that an assault is an offense included in § 856 in the alternative here pertinent.

Inasmuch as Shuttlesworth blocked the chief's path using words from which the intent to do so "in rudeness or in anger" could probably and rationally be inferred, there was no error in his conviction, since he could have been clearly convicted of a simple assault. The judgment below is due to be

Affirmed.

PRICE, P. J., and JOHNSON, J., concur in result.

---

1. Section 825 reads: "Any person who commits an assault, or an assault and battery, upon another person, shall, on conviction, be punished as provided in section 4."

   Section 856 reads: "Any person who knowingly and wilfully opposes or resists any officer of the city in executing, or attempting to make any lawful arrest, or in the discharge of any legal duty, or who in any way interferes with, hinders or prevents, or offers or endeavors to interfere with, hinder or prevent such officer from discharging his duty, shall, on conviction, be punished as provided in section 4."

   Section 208 reads: "The chief of police or any policeman of the city has authority and it is his duty to make arrests for offenses against the laws of the state in all cases where such authority is now or shall hereafter be conferred on such officers by the laws of the state, and in making such arrests, whether with or without a warrant, they shall have all the authority conferred, and be subject to all the duties imposed upon such officer, by the laws of Alabama, in existence now or that may hereafter be enacted."