291 So.2d 162

**Mrs. J. B. JACKSON**

v.

**CITY OF MUSCLE SHOALS.**

**8 Div. 295.**

Court of Criminal Appeals of Alabama.

March 5, 1974.

Bedford & Bedford, Russellville, for appellant.

John D. Clement, Jr., Tuscumbia, for City of Muscle Shoals, appellee.

CATES, Presiding Judge.

On rehearing, the former decision, without opinion, is withdrawn and the following becomes the opinion of the Court.

Pornography against the peace and dignity of the City of Muscle Shoals: sentence, six months hard labor "for the County." R. 87.

I

On July 23, 1923 the council of the then Town of Muscle Shoals adopted the following ordinance:

"* * * That any person or persons committing an offense within the town of Muscle Shoals, or its police jurisdiction, which is declared any law or laws of the State of Alabama heretofore or hereafter enacted to be a misdemeanor, shall upon conviction be fined the sum not exceeding one hundred dollars ($100.00), and he may in the discretion of the court be sentenced to hard labor for the town of Muscle Shoals or to imprisonment for a period not exceeding six months."

September 8, 1961, Act No. 856, the Alabama Law on Obscenity "To suppress traffic in obscene publications, etc." became law. Our unofficial code has assigned this enactment to T. 14, §§ 374(1)–374(16). See McKinney v. State, 287 Ala. 648, 254 So.2d 714.

The criminal provisions of this Act are set forth in § 4 thereof. Subsection (1) of said § 4 reads in pertinent part as follows:

"Every person who, with knowledge of its contents, * * * in this state prepares, sells, exhibits or commercially distributes, or gives away or offers to give away, or has in his possession with intent to sell or commercially distribute, or to give away or offer to give away, any obscene printed or written matter or material, other than mailable matter, or any mailable matter known by such person to have been judicially found to be obscene under this Act, shall be guilty of a misdemeanor * * *."

In § 3, Definitions, we find, among others, the following:

"'Obscene' means lewd, lascivious, filthy and pornographic and that to the average person, applying contemporary community standards, its dominant theme taken as a whole appeals to prurient interest.

*    *    *    *    *    *

"'Printed or written matter or material' means any book, pamphlet, magazine, periodical, newspaper, picture magazine, comic book, story book, or other printed or written matter, but does not include written or printed matter or material

used by or in any religious, scientific or educational institution."

On February 25, 1972 in a trial de novo in the circuit court without a jury, the appellant was tried on the following *amended* complaint:

"Comes the City of Muscle Shoals, a municipal corporation, and complains that Mrs. J. B. Jackson, who is also known as Patricia Jackson, within twelve (12) months before the commencement of this prosecution, and within the corporate limits of the City of Muscle Shoals, did on the 2nd day of December, 1971, wilfully and unlawfully, with knowledge of its contents, sell and distribute obscene printed material contrary to, and in violation of and [sic] Ordiance [sic] of the City of Muscle Shoals, Alabama, dated the 27th day of July, 1923, which said Ordiance [sic] was was [sic] adopted by the governing body of the City of Muscle Shoals, Alabama, and is presently in effect, which Ordiance [sic] adopts the misdemeanor laws of the State of Alabama."

On that same day appellant had filed a demurrer "to the State's complaint" assigning some eleven grounds. A minute entry of that date shows that the court below overruled "the Defendant's demurrer to amended complaint * * *."

## II

The original proceeding in the Recorder's Court began without an affidavit. On cross examination of the Recorder defense counsel elicited the following:

"Q Judge Grissom, * * *—was there any complaint or affidavit in the City Court charging Mrs. Jackson with any offense? And if you don't understand my question, please let me know.

"A No, sir, there was not an affidavit made. We don't use that procedure as far as I know.

"Q There was no warrant issued for her arrest and there was no affidavit made before you as City Recorder?

"A That's correct.

"Q There was no affidavit made by you as City Recorder and no warrant issued by you charging her with anything?

"A No, sir."

■ The swearing out of such an affidavit to obtain a warrant of arrest is jurisdictional in misdemeanors and violations of municipal ordinances. Hawkins v. State, 20 Ala.App. 285, 101 So. 514; Wetzel v. State, 27 Ala.App. 517, 176 So. 224; Leonard v. State, 52 Ala.App. 212, 290 So.2d 673, (1974); McKinstry v. Tuscaloosa, 172 Ala. 344, 54 So. 629.

■ Nor do we consider that Mrs. Jackson waived such a complaint because it is abundantly clear from Judge Grissom's testimony that she was "tried" on a search warrant which had resulted in the confiscation (and subsequent burning) of some 284 books found in a back room of her bookstore.

■ Here we must bear in mind that the trial in the Circuit Court was based on the City Attorney's amended complaint charging Mrs. Jackson with *selling and distributing* obscene printed material.

The City policeman who bought the two books, City's Exhibits 1 and 2, admitted that he did not testify in the Recorder's Court.

It is patent that the City changed the nature of its prosecution after the case reached the Circuit Court. This is not permissible under the Fourteenth Amendment of the United States Constitution. Shuttlesworth v. City of Birmingham, 376 U.S. 339, 84 S.Ct. 795, 11 L.Ed.2d 766, reversing 42 Ala.App. 1, 149 So.2d 921.

It results that the proceedings below were void ab initio. In this posture the statute of limitations has long since run. Hence, a judgment of discharge is due to be rendered here.

### III

█ It was also erroneous for the trial court to admit in evidence City's Exhibits 3–12. These books were snatched from the burgomaster's bonfire as samples of lewdness and lasciviousness. Concededly they were.

However, the City never proved that Mrs. Jackson or anyone at her behest sold these books. For this, the defendant was entitled to have them kept from evidence.

### IV

The lack of procedural nicety in this case, including mainly confusion between allegata and probata, indicates that the trial judge should have sustained the defendant's demurrer which took the point of vagueness as to which books Mrs. Jackson was charged with selling.

█ We think that a proper complaint of violating the Alabama Obscenity Law (and of an assimilative municipal reference ordinance) ought to specify the offending printed material. See Gayden v. State, 38 Ala.App. 39, 80 So.2d 495; Hochman v. State, 265 Ala. 1, 91 So.2d 500; Mitchell v. State, 41 Ala.App. 254, 130 So.2d 198; Philyaw v. City of Birmingham, 36 Ala. App. 112, 54 So.2d 619.

We doubt that Mrs. Jackson's efforts will advance the cause of literary enlightenment or improve the broad-mindedness of the people of Muscle Shoals or its environs. However, under Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 and Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745, we are charged with the duty of seeing that our administrators in their zeal and enthusiasm do not burn down the pillars of the Constitution in a bibliopyre.

As Mr. Justice Kohn so well said in Watts v. State, 282 Ala. 245, 210 So.2d 805:

"The worst wretch that walks the earth is entitled to a fair trial, for the law is superior to all persons. As much as we may regret some results of the law, the law must be preserved if this constitutional democracy is to survive."

Supreme Court Rule 52 intervened since argument of this cause. We treat that Rule as procedural and without conferment or obviating of any substantive rights. Therefore in reviewing the record of instant concern we have not considered ourselves shackled to assignments of error.

We consider that error is plainly manifested on this record protected to appellant by obtention of rulings below or on which the constitutional rights of the defendant required a ruling favorable to the defendant.

The judgment below is due to be reversed and one is rendered discharging the appellant sine die.

Application granted; reversed and rendered.

All the Judges concur.