This is an appeal by the State from an order of the Circuit Court of Montgomery County dismissing an indictment charging John Lyman Fain with the misdemeanor of driving while intoxicated. The indictment was dismissed because the prosecution was not commenced within twelve months after the commission of the offense as required by Alabama Code 1975, § 15-3-2. The issue in this case involves the determination of when the prosecution actually commenced.
The facts of this case are best understood when outlined in chronological order:
 March 31, 1984: Fain was charged with driving while intoxicated and an Alabama Uniform Traffic Ticket was issued.
 June 6, 1984: Fain was convicted in the District Court and appealed to the Circuit Court. *Page 559 
 June 28, 1984: The District Attorney issued a complaint for DUI on March 31, 1984.
 April 3, 1985: The Circuit Court granted Fain's motion to dismiss the DUI case on authority of Ex parte Dison, 469 So.2d 662 (Ala. 1984), finding that the ticket was not properly verified. The Court found that "the officer who signed the ticket did not personally appear before a Magistrate or Judge, and specifically did not appear before Jewel Ryals, Clerk of the District Court of Montgomery County, Alabama. The Court determined therein that the signature of Jewel Ryals was affixed by a stamp, administered to the ticket by an employee of the Clerk's Office."
 The District Attorney did not appeal from this finding and order of the Circuit Court.
 April 8, 1985: An indictment was returned for the DUI offense committed on March 31, 1984.
 May 22, 1985: Fain filed a motion to dismiss the indictment because of the statute of limitations.
 June 13, 1985: The District Attorney gave notice of appeal from the order of the Circuit Court dated "June 13, 1985" granting the defendant's motion to dismiss. The record before this Court contains no order of the court on June 13, 1985. No explanation has been offered for this obvious discrepancy.
 June 17, 1985: After a hearing on June 16th, the Circuit Court granted Fain's motion and dismissed the indictment.
Alabama Code 1975, § 15-3-2, provides that "the prosecution of all misdemeanors before a circuit or district court must be commenced within 12 months after the commission of the offense." Section 15-3-7 provides: "A prosecution may be commenced . . . by finding an indictment, the issuing of a warrant or by binding over the offender." On appeal, the State argues that "the issuance of the warrant [ticket] on March 31, 1984, fulfilled the requirements of these sections of the law and thus the statute was tolled." Appellant's Brief, p. 4.
If we accept the record before this Court as it now stands, and we would not be inclined to do otherwise, as one supplemental record and another "corrected supplemental record" have already been filed, the State has failed to give a proper notice of appeal. The record before this Court reflects that the State has appealed from an alleged order of the circuit court issued after
the notice of appeal was given and also that the order of the circuit court was not issued on the date alleged in the notice of appeal. That in itself constitutes adequate grounds on which to dismiss the appeal.
A valid warrant of arrest is the commencement of a criminal prosecution within the meaning of the statute of limitations.Ross v. State, 55 Ala. 177, 178 (1876). However, a void warrant of arrest will not toll the statute of limitations. See Robersonv. State, 28 Ala. App. 579-80, 190 So. 109, 110 (1939); Lemley v.State, 24 Ala. App. 427, 429, 136 So. 494, 496 (1931). A warrant issued without a proper affidavit is void. Dison, 469 So.2d at 664-65; Johnson v. State, 18 Ala. App. 178, 179, 89 So. 843
(1921). See also Ex parte Beard, 246 Ala. 338, 343, 20 So.2d 721,726 (1944); Jackson v. City of Muscle Shoals, 52 Ala. App. 227,229, 291 So.2d 162, 164 (1974).
Here, the original warrant was void under Ex parte Dison, supra. That judgment has not been contested. Since the warrant was void, it did not toll the statute of limitations. "The word `void' in its strictest sense means that which has no force and effect, is without legal efficacy, is incapable of being enforced by law, or has no legal or binding force." Black's Law Dictionary
1411 (rev. 5th ed. 1979). Since a void warrant has no legal effect, there was nothing to toll the statute of limitations.
The judgment of the circuit court dismissing the prosecution is affirmed.
AFFIRMED.
All Judges concur. *Page 560