McMILLAN, Judge.
The appellant was found guilty of unlawfully making connections from a source of electrical energy to electrical wiring, devices or equipment for the installation of which a permit is required, in violation of Section A-108.1, Electrical Code of Jefferson County, Ordinance No. 581. The Court sentenced him to 30 days’ imprisonment, imposed a fine of $500.00 and assessed a penalty in the amount of $48,200.
Jimmy Jordan, the superintendent of Jefferson County Inspection Services, testified that in order to make an electrical connection to a house, an electrical permit must be acquired and inspections conducted. After the inspections are finalized and approved, a certificate of occupancy is issued. Thereafter, the power company is notified and it sets the meter, makes a connection to the mast on the house, and releases the power.
On August 16, 1983, Jordan visited the house owned and occupied by the appellant, at Rt. 4, Box 357-G, Trussville, “just to see if there was anyone living in it.” It was at this time that Jordan first became aware of an electrical connection to the house. Thereafter, Inspection Services notified the appellant that he was in violation of the Electrical Code, and informed him of the steps he needed to take to cease and rectify the violation. Due to continued non-compliance, the inspection services caused a warrant to be issued against the appellant for violation of the Electrical Code of Jefferson County. Thereafter, Jordan sent the appellant a letter on March 26, 1984, “outlining some of the things that he needed to do to get everything squared away.” Jordan testified at trial that the appellant had never gotten approval for the electrical connections. He further stated that the installation and connection of the electrical wiring in the appellant’s house is the type for which a permit is required.
George McKinnon, chief electrical inspector for Jefferson County, testified that he sent the appellant a letter by certified mail, notifying him that it had been determined by the Alabama Power Company that the electrical service drop and electric meter had been removed from the appellant’s mobile home and reconnected to the referenced structure at Rt. 4, Box 357-G, Truss-ville, Alabama. The letter further informed the appellant of the Code sections which he was violating.
John A. Taylor, manager of engineering and distribution at Alabama Power Company, testified that the company’s records indicated that Gene Peoples lived at Rt. 4, Box 357-G, and in a mobile home. Taylor testified that the meter had been installed on October 31, 1972, and that the power company had no records indicating that the service had been discontinued. Taylor further stated that he had visited the appellant’s residence and had noticed a power meter attached to the right of appellant’s garage door. He also testified that the meter was attached “contrary to what [the power company] recommends and approves. It was done without our knowledge.” (Emphasis added) Taylor further testified that the meter on appellant’s house was the same meter that had been attached to the mobile home. Further *171 more, he stated that no employee of Alabama Power Company would change the location of a meter without a “III order,” because “he was to have any order to go out and do the work.” No such order was issued, and Alabama Power Company had no records indicating any such change was authorized. Additionally, Taylor stated the pipe bracket attached to the pipe of the meter was not Alabama Power Company’s bracket, and that the conductor was not terminated in accordance with the methods of Alabama Power Company. Moreover, he said the clamp used on the meter had never been used by Alabama Power Company.
The appellant testified that he was a licensed electrician and did, in fact, “install the isolator, clamp, mast and head at [his] house. [He] did not, however, connect the house.” Appellant further testified that he knew he did not have final approval to hook up the power to his house.
The appellant raises three issues, the first two of which are stated as follows:
“(1) Whether the Electrical Code of Jefferson County, Alabama, as it applies to criminal penalties for its violation is unconstitutionally vague.
“(2) Whether the complaint charging the defendant with violating the Jefferson County Electrical Code is constitutionally infirm for failure to inform the defendant of the nature and cause of the accusation against him.”
These issues are raised by appellant for the first time before this reviewing Court. This Court, the Court of Civil Appeals, and the Alabama Supreme Court have consistently reinforced the policy that “unless there is an absence of jurisdiction over the subject matter, appellate courts will not consider constitutional challenges which were not presented to the trial court.” Tucker v. State, 445 So.2d 311, 314 (Ala.Civ.App.1984); quoting Woodham v. Woodham, 387 So.2d 150 (Ala.1980). “A lower court may not be put in error for failure to rule on a matter which was not presented to it or decided by it.” Ex parte Linnell, 484 So.2d 455 (Ala.1986).
The appellant acknowledges that he failed to present these constitutional issues to the lower court. Nevertheless, he contends that this Court should review these issues, based upon his assertion that the lower court lacked jurisdiction over the subject matter and therefore that there are “extraordinary circumstances” justifying our review.
Appellant states he was charged and convicted in the district court for violation of Section A-114 of the Electrical Code. Section A-114 describes penalties for violating the Electrical Code. He appealed for a trial de novo in circuit court. On the day the trial commenced, the district attorney filed a complaint charging the appellant with violation of a different Code section. The appellant did not consent to this amended complaint, and he contends that his consent is required, pursuant to § 15-8-90, Code of Alabama (1975), to render the amended complaint valid. The appellant argues the original complaint was “vague and ineffectual,” and was subsequently improperly amended. Based on this argument, appellant contends the district court and the circuit court lacked jurisdiction.
The initial complaint reads in part as follows:
"... did unlawfully make connection from a source of electrical energy to any electrical wiring, device or equipment for the installation of which a permit is required in violation of Section A-114 of the Electrical Code of Jefferson County, Alabama, 1981, Ordinance No. 581.”
The amended complaint filed with the circuit court reads in pertinent part as follows:
“... he did unlawfully make connections from a source of electrical energy to any electrical wiring, services or equipment for the installation of which a permit is required, to wit: connections to a building at Rt. 4, Box 357, Trussville, Al., without approval by the Superintendent of Inspection Services authorizing such connection and the use of such wiring devices or equipment, in violation of Sec *172 tion A-108.1, Electrical Code of Jefferson County, Ordinance No. 581.”
In support of his proposition, appellant cites Jackson v. City of Muscle Shoals, 52 Ala.App. 227, 291 So.2d 162 (Ala.Cr.App.1974), wherein this Court reversed a conviction and rendered a judgment for the defendant based upon a complaint which was improperly amended because the proceeding had been “void ab initio.”
The original complaint contained an incorrect Code citation. However, this is not fatal to a charge. This Court has previously held that “[mjiscitation of a Code section does not void an indictment which otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous Code section will be treated as mere surplusage.” Duren v. State, 507 So.2d 111, 120 (Ala.Cr.App.1986), affirmed, 507 So.2d 121 (Ala.), cert. denied, _ U.S. _, 108 S.Ct. 249, 98 L.Ed.2d 206 (1987), quoting Ex parte Bush, 431 So.2d 563, 564 (Ala.), cert. denied, 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983). The facts herein do not indicate a showing of actual prejudice to the defendant; therefore, the erroneous code section is properly treated as mere surplusage.
This Court recently spoke to the issue of amendability of complaints in Mason v. City of Vestavia Hills, 518 So.2d 221 (Ala.Cr.App.1987). The Court stated that “the amendability of complaints has been governed since March 1, 1983, by Rule 15.5 A.R.Crim.P.Temp., which provides, in pertinent part:
‘A charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment, information, or complaint.’ ”
518 So.2d at 223.
The Court, in Mason, went on to state that “[t]he rule, therefore, makes complaints, like indictments, absolutely non-amendable without the consent of the defendant.” Ex parte Wallace, 497 So.2d 96, 99 [ (Ala.1986) ].
The additional language contained in the amended complaint constituted a violation of the mandates of Rule 15.5, resulting in error at the trial court level. However, such error is not fatal to the conviction unless it “appears that the error complained of has probably injuriously affected substantial rights of the parties.” See Rule 45, A.R.A.P.
There was no additional or different offense charged by virtue of the amended complaint, and there is no evidence that the substantial rights of the appellant were injured by the additional description of the charge included in the amended complaint. Therefore, the amending of the complaint is deemed to be harmless error. See: Edwards v. State, 480 So.2d 1259 (Ala.Cr.App.), cert. denied, 480 So.2d 1264 (Ala.1985).
The appellant further argues that the State failed to present sufficient evidence proving him “guilty beyond a reasonable doubt to the exclusion of every other reasonable hypothesis.”
In reviewing the sufficiency of the evidence. “[I]t is not the function of this Court to decide whether the evidence is believable beyond a reasonable doubt and to a moral certainty. Instead, the function of this Court is to determine whether there is legal evidence from which a jury could by fair inference find the defendant guilty.” Johnson v. State, 378 So.2d 1164, 1169 (Ala.Cr.App.). writ quashed, 378 So.2d 1173 (Ala.1979), citing Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979); Scruggs v. State, 359 So.2d 836, 842 (Ala.Cr.App.), cert. denied, 359 So.2d 843 (Ala.1978).
The appellant was charged with “unlawfully making connections from a source of electrical “energy” to his residence.” Testimony from representatives of the power company revealed that it was not the company’s connection. Other witnesses for the State testified that the appellant told them that the power company did make the connection. Additionally, the appellant testified that he had a master’s degree in electronics and that he taught and supervised *173 at ITT for five years. Furthermore, testimony from States’ witnesses revealed that there was no approval for the connection and that it was an installation for which a permit was required.
The evidence against the appellant herein was circumstantial; nevertheless, this Court is convinced that there was sufficient legal evidence to support a conviction. “When there is legal evidence from which the fact finders can by fair inference find the accused guilty, this court will not overturn the verdict.” Hughes v. State, 412 So.2d 296 (Ala.Cr.App.1982).
AFFIRMED.
All the Judges concur.