530 So.2d 903 (1988)
STATE
v.
David John REINER.
6 Div. 172.
Court of Criminal Appeals of Alabama.
May 10, 1988.
Rehearing Denied June 14, 1988.
Certiorari Denied August 19, 1988.
David Barber, Dist. Atty., and T. Michael Anderston, Asst. Dist. Atty. and Joseph G.L. Marston III, Asst. Atty. Gen., Birmingham, for appellant.
William N. Clark and Douglas H. Scofield of Redden, Mills & Clark, Birmingham, for appellee.
Alabama Supreme Court 87-1105.
McMILLAN, Judge.
The appellee, David John Reiner, was indicted for assault in the first degree, in violation of § 13A-6-20(a)(3), Code of Alabama (1975). On July 25, 1985, the appellant *904 filed a motion to suppress any and all evidence allegedly seized from him on or after December 26, 1984. A hearing on the motion was held during the week of February 10, 1986 and, on May 20, the trial court entered an order granting the appellant's motion to suppress in its entirety. The State thereafter filed a motion for reconsideration, which the trial court took under advisement. The trial court sustained its prior decision to grant the motion to suppress. The State of Alabama appeals from that decision under Rule 17, Alabama Temporary Rules of Criminal Procedure, stating that "this appeal is not brought for purposes of delay and that the Order appealed from if not reversed on appeal, would be fatal to the prosecution of the charges specified."
The trial court granted the defense counsel's motion to suppress on May 20, 1986. Rule 17(b), Alabama Temporary Rules of Criminal Procedure, states:
"The notice of appeal shall be filed both with the clerk of the circuit court and with the clerk of the court of criminal appeals and shall be filed within seven (7) days after the order has been entered, but in any case before the defendant has been placed in jeopardy under established rules of law."
However, the record indicates that the State did not file the required written notice of appeal until September 10, 1986. Thus, the State's notice of appeal was untimely filed. Although the State filed a motion for reconsideration on May 23, which was overruled on September 8, 1986, by the trial court's entry of an order sustaining its previous ruling, this motion for reconsideration did not extend the time for giving notice of appeal. Cf. Turner v. State, 365 So.2d 335 (Ala.Cr.App.), cert. denied, 365 So.2d 336 (Ala.1978) and Woods v. State, 371 So.2d 944, 945 (Ala.1979) ("A request for probation following sentencing does not extend the time for appeal from a judgment of conviction"); Yearby v. State, 451 So.2d 425, 426 (Ala.Cr.App.1984) ("A `motion to reduce sentence' is not a `motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal' and does not expand the time limit for filing a notice of appeal"); State v. Fain, 484 So.2d 558 (Ala.Cr.App.1986) ("A valid warrant of arrest is the commencement of a criminal prosecution within the meaning of the statute of limitations.... However, a void warrant of arrest will not toll the statute of limitations.")
Rule 17(b), Alabama Temporary Rules of Criminal Procedure, states that the seven-day period for filing a notice of appeal commences "when the order is entered," and no provision is made for tolling this period or extending it. Similarly, our Supreme Court in Woods v. State, supra, at 945, noted that Rule 4(b), Alabama Rules of Appellate Procedure, "expressly provides that entry of sentence is the event which triggers the running of the time in which to take an appeal. No provision is made for tolling of the period when execution of the sentence is suspended." (Emphasis in original.)
"Timely filing of notice of appeal is a jurisdictional requisite and the appeal must be dismissed for lack of jurisdiction if notice of appeal was not timely filed." Woods v. State, supra, at 945. See also Yearby v. State, supra, at 426, where we wrote: "This appeal is dismissed on authority of A.R.A.P. 2(a)(1) which provides: `An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.'"
APPEAL DISMISSED.
All the Judges concur.

ON APPLICATION FOR REHEARING
McMILLAN, Judge.
On May 10, 1988, this Court unanimously dismissed the appeal in this case. On May 16, 1988, the State filed an application for rehearing. Although, as was noted in our original opinion, a motion for arrest of judgment, a motion for a new trial, and a motion for judgment of acquittal will toll the running period of the time allowed for appeal, Rule 4(b), Alabama Rules of Appellate Procedure, there is no provision for tolling under Rule 17(b), Alabama Temporary Rules of Criminal Procedure. Even if the trial court intended that the State's *905 motion for reconsideration should toll the period of time for taking an appeal under Rule 17, Alabama Temporary Rules of Criminal Procedure, we are bound by the clear language of Rule 17(b), which requires that the notice of appeal be filed within seven days after the order has been entered. The record indicates that the trial court's order was entered on May 20, 1986; hence the seven days began to run from that date. See Woods v. State, 371 So.2d 944, 945 (Ala.1979).
APPLICATION FOR REHEARING OVERRULED; OPINION EXTENDED.
All Judges concur.