**Asahel ABRAMS, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 13172.**

United States Court of Appeals District of Columbia Circuit.

Argued June 15, 1956.

Decided Sept. 13, 1956.

Petition for Rehearing Denied Oct. 30, 1956.

Mr. John A. Shorter, Jr., Washington, D. C., for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and Thomas Flannery, Asst. U. S. Attys., were on the brief, for appellee. Messrs. Leo A. Rover, U. S. Atty., at the time record was filed, and Richard J. Snider, Asst. U. S. Atty., also entered appearances for appellee.

Before EDGERTON, Chief Judge, and FAHY and BURGER, Circuit Judges.

EDGERTON, Chief Judge.

This appeal is from a conviction for assaulting a policeman. 67 Stat. 95, § 205, D.C.Code, Supp. IV (1955), § 22–505. The defendant contended that at the time of the alleged assault, which he denied making, the policeman was arresting him illegally. The policeman was badly injured. It was necessary to remove part of one rib; two ribs were broken; the collar bone was separated from the shoulder blade, and had to be fastened with a screw; and there were spinal injuries. If, as the jury found, the defendant struck the policeman, he inflicted these wounds. There is no contrary contention.

The defendant asked the court to instruct the jury that if the police were attempting an illegal arrest the defendant "had full right to resist [the] officers and prevent them from placing him in unlawful custody, and for the purpose of said resistance, was at liberty to use such force as was at his command and necessary to prevent said arrest." The court said this instruction was "inapplicable to the issues of this case" and refused to give it.

The requested instruction was too broad and in a sufficient sense inapplicable. "One has an undoubted right to resist an unlawful arrest, and courts will uphold the right of resistance in proper cases." United States v. Di Re, 332 U.S. 581, 594, 68 S.Ct. 222, 228, 92 L.Ed. 210. But the right to resist arrest does not extend to killing the officer, though it may reduce a homicide from murder to manslaughter. John Bad Elk v. United States, 177 U.S. 529, 20 S.Ct. 729, 44 L.Ed. 874. Neither does it extend, in such circumstances as were shown here, to the infliction of the bodily harm proved. As the Second Circuit recently said, in approving refusal to give an instruction similar to the one the District Court refused in the present case, "the use of 'reasonable force' only would have been open to defendants." United States v. Angelet, 231 F.2d 190, 193.

Affirmed.