**George A. ANDERSEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 1938.**

Municipal Court of Appeals for the District of Columbia.

Argued March 25, 1957.

Decided June 5, 1957.

Rex K. Nelson, Washington, D. C., with whom Eugene X. Murphy, Washington, D. C., was on the brief, for appellant.

John D. Lane, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., Lewis Carroll and Forbes W. Blair, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a judgment of conviction for simple assault committed upon a member of the Capitol Police.[1] The assault occurred while the officer was in the process of arresting appellant for a misdemeanor committed in his presence. The defense was based on the claim that the attempted arrest was illegal, and therefore appellant had a right to resist and use reasonable force to prevent it.[2] The legality of the arrest was challenged on two grounds: (1) that the officer purported to act outside the territorial limits of his jurisdictional authority, and (2) that appellant was not committing any crime at the time justifying his arrest.

The testimony concerning the occurrence was in conflict. Early one morning two members of the Capitol Police were patrolling the Capitol Grounds, a geographical area of statutorily defined limits,[3] "within" which they have "exclusive charge and control" of the regulation of traffic,[4] and the power to make arrests for violations of "any law of the United States or of any State, or any regulation promulgated pursuant thereto."[5] While they were traveling south on Second Street, N. E., one of the boundary streets of the Grounds,[6] they noticed a traffic tie-up caused by a vehicle facing north and parked double in the middle of the street. One officer requested the driver to move his car and he refused. As the officer started to prepare a traffic summons appellant came upon the scene and inquired what was "wrong." He then protested the officer's authority to issue a traffic ticket outside of the Capitol Grounds, became disorderly, and was placed under arrest. When the officer attempted to escort him to the scout car, the assault took place. Appellant testified that he did protest the right of the officer to issue a ticket but in effect denied that he was disorderly or that he was interfering with the officer. He stated that when one of the officers seized his shirt and tore it, he pushed him against the car, but then submitted to the arrest.

The trial judge ruled that the arrest of appellant was legal as a matter of law and in substance so instructed the jury, leaving for their consideration only the question of whether the alleged assault took place. While several errors are assigned on this appeal, they all center upon the judge's ruling in this regard; accordingly, our decision on this point will be dispositive of the case.

■ Appellant initially takes the position that since the statutes involved grant the officers authority to act only "within" the Capitol Grounds, they had no authority to arrest him in the middle of Second Street beyond the west curb line; that only the Metropolitan Police could have jurisdiction there. We cannot agree. Section 9–126 of the Code requires the officers to "police" the Grounds; obviously, to effectuate this purpose it was just as necessary to patrol the boundary streets as the areas entirely within the Grounds. Further, Sec-

1. Code 1951, § 22–504.

2. Abrams v. United States, 99 U.S.App. D.C. 46, 237 F.2d 42, certiorari denied, 1957, 352 U.S. 1018, 77 S.Ct. 575, 1 L.Ed. 2d 554.

3. Code 1951, § 9–118.

4. Code 1951, § 9–131.

5. Code 1951, § 9–126.

6. The map referred to in Section 9–118, supra n. 3, indicates that the Grounds extend to the east as far as the west curb of Second Street, a street which runs in a north-south direction.

tion 9–131 confers on the officers authority to regulate the movement of traffic through the Grounds. If, as happened here, such movement was impeded by congestion on a boundary street, it would be unrealistic to hold that the Capitol Police were powerless to act. In support of his argument, appellant cites cases dealing with the authority of officers of one county or state to make arrests in another county or state. Those situations are not analogous to the instant case, for here we are concerned with actions within a single jurisdiction, divided as to police forces, but governed by only one legislative body. We do not think that Congress intended the restrictive result urged here. Appellant suggests that if the Capitol Police have jurisdiction on Second Street, they have jurisdiction throughout the District of Columbia. Such a question is not before us, and as to it we express no opinion. We hold only that the officers here had jurisdiction to act upon the traffic tie-up on a boundary street; consequently, they had the right to arrest appellant if he was committing a misdemeanor in their presence while they were so doing.

■ The ruling that the arrest was legal as a matter of law is also attacked on the ground that appellant denied that he was committing a misdemeanor, which would give the officers the right to arrest him, thus creating a factual issue which should have been submitted to the jury. It is true that ordinarily when the evidence on such a question is conflicting it would have to be resolved by the jury,[7] and appellant's testimony tended to prove that he was not disorderly. His own admission, however, that he interjected himself into an affair between an officer and a third person and engaged the officer in a jurisdictional dispute which was not his concern, clearly

shows that he was interfering, and thus that his own arrest was justified. His evidence, then, was insufficient to warrant submitting to the jury the question of whether he was committing a misdemeanor, and the trial judge was correct in ruling that the arrest was legal as a matter of law.[8]

Other errors alleged are without merit.

Affirmed.

7. Cf. the instruction given in United States v. Angelet, 2 Cir., 231 F.2d 190, certiorari denied 1956, 351 U.S. 952, 76 S.Ct. 849, 100 L.Ed. 1476.

8. See, e. g., Palmer v. Commonwealth, Ky. 1952, 252 S.W.2d 677; cf. Kinard v.

United States, 1938, 68 App.D.C. 250, 254, 96 F.2d 522, 526; Laney v. United States, 1923, 54 App.D.C. 56, 57–59, 294 F. 412, 413–415.