George A. ANDERSEN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13935.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 13, 1957.

Decided Dec. 26, 1957.

Petition for Rehearing In Banc Denied
Feb. 21, 1958.

Mr. Rex K. Nelson, Washington, D. C., with whom Mr. Eugene X. Murphy, Washington, D. C., was on the brief, for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal we allowed from a judgment of the Municipal Court of Appeals for the District of Columbia affirming appellant's conviction in the Municipal Court of simple assault. 132 A.2d 155. Upon review of the trial record we find no basis for concluding that the conviction should be set aside. We accordingly affirm the result reached by the Municipal Court of Appeals.

Affirmed.

On Petition for a Rehearing in Banc

Statement of Chief Judge EDGERTON and Circuit Judge BAZELON in support of their votes to grant the petition for rehearing in banc.[1]

EDGERTON, Chief Judge and BAZELON, Circuit Judge.

Appellant was convicted of an alleged assault upon a policeman who was trying to arrest him. "One has an undoubted right to resist an unlawful arrest, and courts will uphold the right of resistance in proper cases." United States v. Di Re, 332 U.S. 581, 594, 68 S. Ct. 222, 228, 92 L.Ed. 210 (1948). Only "reasonable force" is permissible in resisting an unlawful arrest. Abrams v. United States, 99 U.S.App.D.C. 46, 237 F.2d 42 (1956); United States v. Angelet, 2 Cir., 231 F.2d 190, 193, certiorari denied, 351 U.S. 952, 76 S.Ct. 849, 100 L. Ed. 1476 (1956). It is not contended that the force appellant used was unreasonable if the arrest he was resisting was unlawful. He was guilty of assault only if he was resisting a *lawful* arrest.

The policeman sought to arrest appellant for either "disorderly" or "interference". The circumstances leading to the arrest were that appellant was challenging the policeman's legal right to give a third party a parking ticket. The policeman testified at the trial that appel-

1. The order of the Court in banc (Prettyman, Wilbur K. Miller, Washington, Danaher, Bastian and Burger, Circuit Judges) recites:

"Upon consideration of appellant's petition for a rehearing in banc, it is

Ordered by the Court that the aforesaid petition be, and it is hereby, denied."

"Circuit Judge Fahy would grant a rehearing by the division originally hearing the case."

**336**

lant's challenge was made in disorderly fashion. Appellant's testimony was that he was completely orderly. If the jury believed the policeman, appellant's arrest was lawful and his resistance was unjustified. If the jury believed the appellant, his arrest was unlawful and his resistance justified. *The trial court did not allow the jury to consider the critical and disputed factual question of orderliness.* As the Municipal Court of Appeals stated in its opinion: "The trial judge ruled that the arrest of appellant was legal as a matter of law and in substance so instructed the jury, leaving for their consideration only the question of whether the alleged assault took place." 132 A.2d 155, 156 (1957).

The Municipal Court of Appeals affirmed the conviction. The court said: "It is true that ordinarily when the evidence on such a question [orderliness] is conflicting it would have to be resolved by the jury, and appellant's testimony tended to prove that he was not disorderly. His own admission, however, that he interjected himself into an affair between an officer and a third person and engaged the officer in a jurisdictional dispute which was not his concern, clearly shows that he was interfering, and thus that his own arrest was justified." Id. at page 157.

The Supreme Court said in District of Columbia v. Little, 339 U.S. 1, 6, 70 S.Ct. 468, 471, 94 L.Ed. 599 (1950): "Although force or threatened force is not always an indispensable ingredient of the offense of interfering with an officer in the discharge of his duties, mere remonstrances or even criticisms of an officer are not usually held to be the equivalent of unlawful interference." The Court cited an annotation in 48 A.L.R. 746, 749, 755, which discusses statutes similar to D.C.Code § 22-505 (1951 ed., Supp. V), the "interference" statute which appellant is alleged to have violated.

Since the jury was not permitted to consider whether appellant's remonstrances with the policeman were other than orderly, the only theory of law upon which the conviction can rest is that it is a crime, punishable by a fine of up to $5,000 or imprisonment of up to five years or both, to argue peaceably with a policeman about his right to give a third person a parking ticket. This gives a policeman on his beat the same privilege not to be questioned by a bystander that a judge has in his courtroom. The decision seems to create a new crime, contempt of police. We think the error is so serious that the petition for rehearing in banc should be granted.