**Winfield E. TAYLOR, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 2943.**

Municipal Court of Appeals for the District of Columbia.

Argued March 19, 1962.

Decided May 11, 1962.

Rehearing Denied June 4, 1962.

William B. Bryant, Washington, D. C., for appellant.

Abbott A. Leban, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., Nathan J. Paulson and Dennis D. Duffy, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

Appellant and his two companions were charged by information with simple assault on a member of the Metropolitan Police Department. The basis of appellant's defense was the illegality of his arrest. In substance, he claimed that he had committed no offense justifying the arrest and therefore he had a right to resist the officer with reasonable force. At the conclusion of the evidence, the jury found appellant guilty and acquitted his companions.

The testimony concerning the occurrence was in conflict but from the evidence, the jury was justified in finding the following facts: Early one morning Officer Crittenden and his partner, cruising in a scout car, stopped an automobile for a traffic violation. Officer Crittenden approached the vehicle to talk to the driver, one Francis Daly. At that moment, appellant and his other companion alighted from the car and walked away. During the ensuing conversation with the driver, appellant came running back to the car and started cursing, at which time Officer Crittenden arrested

2. See also Phoenix Assurance Co. of N. Y. v. Young, 104 Ga.App. 55, 121 S.E.2d

70. Cf. National Surety Corp. v. Kneeland, Okl., 294 P.2d 310.

him for disorderly conduct.[1] Appellant then struck the officer, knocking him backward. At his second blow, the officer fell to the ground, and from that position he fired one shot from his service revolver. As appellant "charged in at him," the officer jumped to his feet, managed to step aside, and hit appellant on the head with his revolver. After appellant and his companions were taken into custody, appellant stated: "Why don't you let the other two fellows go? I am the one that assaulted you." This testimony of the officer was corroborated in part by his partner, who arrived on the scene after the shot was fired, and by an observer who saw two men approach the officer while he was talking to the driver. He also saw the officer fall to the ground.

According to appellant's version of the occurrence, when the officer approached the car, he and his companion got out and started to walk away and then returned to find out why Daly was detained. When Daly assured them nothing was wrong, appellant turned to walk away, remarking, "I say this is not very smashing." He denied cursing. At this point, the officer approached appellant, inquired as to what he had said, and put his hands on him in order to turn him around. Because of the accumulation of snow and ice on the walkway, both the officer and appellant slipped and fell, with appellant landing on top of the officer. Appellant's testimony was corroborated by his companions.

Appellant's principal claim of error relates to the court's failure to instruct the jury fully concerning the meaning of "unlawful arrest." If the jury believed the officer, which by their verdict they obviously did, then appellant's arrest was lawful and his resistance was unjustified. The charge, as stenographically reported in the record, has been carefully scrutinized, and it shows that the court instructed the jury at length on the law of assault and the right to resist an unlawful arrest. Reading the charge as a whole, we are satisfied that it adequately covered the situation and protected appellant's rights.

The other contention advanced by appellant merits no comment.

Affirmed.

---

1. Prior to the instant case, appellant was tried for this offense by another judge and found not guilty.