**Aaron S. THOMAS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22063.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 22, 1969.

Decided May 19, 1969.

Mr. M. Michael Cramer, Washington, D. C., (appointed by this court) for appellant. Mr. H. Thomas Sisk, Washington, D. C. (appointed by this court) also entered an appearance for appellant.

Mr. James A. Treanor, III, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM:

In this appeal from a conviction of violating two federal narcotics statutes, 26 U.S.C. § 4704(a); 21 U.S.C. § 174 (1964), the only issue is that of whether a search of appellant's person was illegal because it was not incidental to a valid arrest. A pretrial motion to suppress the narcotics revealed by the search was heard and denied by the District Court. When the case came on for trial before another judge some two months later, appellant waived a jury and also renewed his motion to suppress. The trial court heard the evidence offered by the parties on this score, and denied the motion on the basis of its findings of fact and conclusions of law. An adjudication of guilt inevitably followed.

Although the case is seemingly a close one, involving an arrest for attempted unlawful entry which is a misdemeanor only, we are unable to say that the trial court's findings of fact are clearly erroneous, or that the facts as found do not admit of the conclusions of law drawn from them. If it be assumed that the arresting officer was acting in good faith, the circumstances were such that it could be said that a misdemeanor took place in his "presence" as distinct from "within his view." [1] The former has customarily been thought to embody a less restricted spatial concept than the latter, and to comprehend awareness through senses other than that of vision alone. The District Court found this to be the case here, and we accept its findings.

Since the arrest was valid, the search was reasonable under traditional canons of criminal procedure; and the resulting admissibility into evidence of the narcotics found in appellant's possession assured his conviction under the approach reflected in the two statutes in question.[2] That conviction is, accordingly,

Affirmed.

[1]. The phrases quoted are from the D.C. Code provision in effect at the time of the arrest in this case. 4 D.C.Code § 140 (1967). The statute has since been amended to broaden the authority to arrest without warrant for unlawful entry to include instances of this crime occurring out of the presence of the arresting officer. 4 D.C.Code § 140(b), (c) (1969 Supp. II).

[2]. The record does not indicate whether appellant was a trafficker in narcotics or an addict. See Watson v. United States, No. 21,186, decided December 13, 1968, petition for rehearing en banc granted April 18, 1969.