**Claude T. MATTHEWS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5232.**

District of Columbia Court of Appeals.

Argued June 23, 1970.

Decided July 20, 1970.

---

Thomas Fortune Fay, Washington, D. C., with whom Richard Dryden Burke, Washington, D. C., was on the brief, for appellant.

John R. Dugan, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry, and Michael J. Madigan, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, KERN and GALLAGHER, Associate Judges.

KERN, Associate Judge:

Appellant was tried before a jury and convicted of simple assault, D.C.Code 1967, § 22–504, but acquitted of possession of a prohibited weapon (a nightstick), D.C. Code 1967, § 22–3214(b). Officer Bond of the Metropolitan Police testified that while on foot patrol he was informed by a cab driver that a woman up the street had asked him to summon a policeman. Officer Bond followed the taxi driver to a woman sitting in an automobile who told Bond that a man had just thrown a hatchet at her, and that he was presently in a nearby restaurant. They walked to the restaurant, and the woman pointed out appellant as her alleged assailant. At that time, appellant came out of the restaurant and Officer Bond placed him under arrest for assault with a deadly weapon. A

scuffle developed during which appellant picked up Bond's nightstick from the ground and hit him twice with it on the leg. The woman later turned out to be appellant's wife and the instant charges grew out of the events occurring at the time of the arrest.[1]

On appeal appellant asserts five errors which we shall consider in the order they allegedly arose during the trial.

1. After Officer Bond testified for the Government, appellant demanded the production of any prior written statements he had made. Jencks Act, 18 U.S.C. § 3500 (1964). The prosecutor gave appellant a carbon copy of a Form P.D. 163 "Prosecution Report," prepared by Officer Bond for the U.S. Attorney, which related the alleged hatchet attack on appellant's wife. The Government would not produce the original report because an Assistant United States Attorney had made some notes on it. The trial court examined both the original and the copy, and ruled that appellant was entitled only to the copy. Appellant contends that this was error.

■ The Government has attached to its brief a photocopy of the original Report. It has a two-line handwritten notation to the effect that during the arrest, appellant swung at the arresting officer, picked up his nightstick which had fallen on the ground and hit the officer twice with it. This is precisely what Officer Bond testified to on direct examination at trial. Even if it were error[2] for the trial court to prevent appellant from seeing the notations on the original report, it was harmless error. *Compare* Duncan v. United States, 126 U.S.App.D.C. 371, 375–376, 379 F.2d 148, 152–153 (1967) and Williams v. United States, 119 U.S.App.D.C. 177, 181–182, 338 F.2d 286, 290–291 (1964). See also Rosenberg v. United States, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959).

2. When appellant presented his case, he asked that Officer Bond, who was sitting in the courtroom after having testified for the Government,[3] be excluded from the courtroom because he wished to call the officer later as a defense witness. The trial court asked for and received from appellant's attorney a proffer of the expected testimony, that Bond would be asked about his height and weight, training in self-defense, and how the police nightstick is affixed to his belt. The court indicated that the officer's answers to these questions would not be affected by anything the other witnesses might say during their testimony. Also, the court noted that the officer would probably be called as a rebuttal witness for the Government:

> * * * I believe these rebuttal witnesses ought to be in the courtroom. If he [the prosecutor] is going to use him for rebuttal, I think it is proper that he should hear what the testimony was so he understands the proceedings.

Officer Bond was allowed to remain in the courtroom. Subsequently, he was *not* called as a witness by the defense, but the Government did use him in rebuttal. Bond's testimony was limited to a statement that he could not see what appellant was drinking in the restaurant in contradiction to testimony by a defense witness that appellant was drinking coffee. Appellant claims the trial court erred[4] in

1. Mrs. Matthews decided not to press charges for the alleged hatchet-throwing incident, and testified at the trial that she had fabricated the "hatchet story."

2. The officer under questioning by the trial judge who examined the original P.D. 163 *in camera* said that he had *not* made any statement to the prosecutor which was written down. Thus, it is not at all clear on this record that the writing on the Form was a "substantially verbatim" record of Bond's statements.

3. Officer Bond, and all other witnesses, were excluded from the courtroom *before* they testified.

4. We note that appellant's trial counsel apparently withdrew his objection to Officer Bond being recalled as a rebuttal witness (R. 119).

permitting the officer to remain in the courtroom after he had testified in the Government's case in chief and before he was recalled as a rebuttal witness.

■ Whether or not to exclude witnesses is a question addressed to the discretion of the trial court. *See* Copeland v. United States, 120 U.S.App.D.C. 5, 7, 343 F.2d 287, 289 (1964) ; Smith v. United States, 106 U.S.App.D.C. 318, 320 n. 1, 272 F.2d 547, 549 n. 1 (1959). We conclude that under the circumstances here the trial judge did not abuse his discretion to the prejudice of appellant in permitting Officer Bond, after he had testified, to remain in the courtroom during the presentation of appellant's defense.

■ 3. Appellant next contends that the prosecutor, during his final argument to the jury, made prejudicial comments about appellant's alleged hatchet attack upon his wife. Appellant argues that the jury might have inferred that he "had committed a serious offense for which he was not being punished." We note that throughout the trial, both parties introduced evidence concerning the alleged hatchet-throwing. We further note that appellant failed to raise objection at trial to the prosecutor's argument, nor did he request that the jury be specifically instructed to disregard any testimony or argument about the hatchet-throwing. After examining the prosecutor's comments and the jury instruction that was given, we conclude that appellant

was not prejudiced by the prosecutor's jury argument.

4. Appellant raised two affirmative defenses to the assault charge: that he was resisting an unlawful arrest,[5] or, alternatively, resisting excessive force used by Officer Bond during a lawful arrest. The trial judge ruled as a matter of law that Officer Bond had probable cause to arrest appellant for throwing the hatchet at his wife and therefore the arrest was lawful, but he did instruct the jury on the legality of using force to resist excessive police force during an arrest. Appellant argues that the issue of probable cause for his arrest should have been left for the jury to decide as an issue of fact.

■ The facts relating to whether Officer Bond had probable cause to arrest were not in dispute. Officer Bond and appellant's wife, who testified for the defense, agreed that Officer Bond had been told that a man, not identified as her husband, had thrown a hatchet at her, and that she pointed out appellant as the assailant. When the underlying facts are not in dispute, the court may determine the existence of probable cause as a matter of law. Andersen v. United States, D.C.Mun.App., 132 A.2d 155, aff'd, 102 U.S.App.D.C. 313, 253 F.2d 335 (1957), cert. denied, 357 U.S. 930, 78 S.Ct. 1375, 2 L.Ed.2d 1372 (1958) ; see Montgomery v. United States, U.S.App. D.C. (Nos. 21,423–24, decided June 11,

5. *See* Curtis v. United States, D.C.App., 222 A.2d 840, 842 (1966). *See also* Abrams v. United States, 99 U.S.App. D.C. 46, 47, 237 F.2d 42, 43 (1956), cert. denied, 352 U.S. 1018, 77 S.Ct. 575, 1 L.Ed.2d 554 (1957). The common law rule allowing physical resistance to an unlawful arrest has been severely criticized for its tendency in modern society to promote street violence and unnecessary injury. *See* H.R.Rep.No.907, 91st Cong., 2d Sess. 70–73 (1970). In the instant case, Officer Bond eventually had to draw his service revolver, with the attendant risk of serious injury or public disturbance, in order to bring appellant under control. Several states have abrogated the rule by statute (*e. g.*, California and New York), and Congress presently has before it a bill that would eliminate the rule in the District of Columbia. District of Columbia Court Reform and Criminal Procedure Act of 1970, H.R. 161, 96, 91st Cong., 2d Sess. § 206 (1970). *See also* Model Penal Code § 3.04 (Official Draft 1962) ; National Commission on Reform of Federal Criminal Laws, Study Draft of a New Federal Criminal Code 39–40 (1970) (proposed § 603(a)). The rule has been abandoned in New Jersey by judicial decision. State v. Koonce, 89 N.J.Super. 169, 214 A.2d 428 (1965).

1968) (unpublished).[6] This is little more than a specific application of the general rule that the jury need not be instructed with regard to a theory of the defense unless some evidence is presented supporting that theory. *See, e. g.*, Devine v. United States, 403 F.2d 93, 95 (10th Cir. 1968), cert. denied, 394 U.S. 1003, 89 S.Ct. 1599, 22 L.Ed.2d 780 (1969); Belton v. United States, 127 U.S.App.D.C. 201, 206, 382 F. 2d 150, 155 (1967). *See also* United States v. Fellabaum, 408 F.2d 220 (7th Cir.), cert. denied 396 U.S. 858, 90 S.Ct. 125, 24 L.Ed. 2d 109 (1969); Levine v. United States, 104 U.S.App.D.C. 281, 261 F.2d 747 (1958). We conclude that the trial court was correct in ruling that appellant was lawfully arrested.

 5. Lastly, appellant argues that his acquittal on the charge of possession of the nightstick precludes him from being convicted of assaulting Officer Bond with it. However, in recognition of the jury's "historic power of lenity," we have upheld an assault conviction when the appellant was acquitted of possessing the weapon used in the assault. Branch v. United States, D.C. App., 263 A.2d 258, 259 (1970). Moreover, it is not clear in the instant case whether the verdicts in fact were inconsistent. Appellant not only was alleged to have struck Officer Bond with the nightstick, but also to have hit him and engaged in general scuffling. The trial court charged the jury, without objection:

> There is evidence that the assault is not confined entirely to the striking with the baton [nightstick], but there is also this tussling. You may find from that that maybe that was the assault. * * * So, you could find, conceivably, that he may have committed an assault on this police officer and still not find him guilty of the weapons charge.

6. If there had been a dispute about the facts known to Officer Bond, a jury question might have been presented. *See* Andersen v. United States, *supra*, 132 A.2d at 156; United States v. Angelet, 231 F.2d

We are satisfied from our review of the record that no error affecting substantial rights was committed and the judgment is

Affirmed.

190 (2d Cir.), cert. denied, 351 U.S. 952, 76 S.Ct. 849, 100 L.Ed. 1476 (1956). *Cf.* Taylor v. United States, D.C.Mun. App., 180 A.2d 847 (1962).