**UNITED STATES of America**

v.

**Lionel O. SPENCER, Appellant.**

**No. 24040.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 11, 1971.

Decided Aug. 13, 1971.

Mr. Harry P. Anestos, Washington, D. C. (appointed by this court) for appellant.

Mr. Robert S. Tignor, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Edwin A. Williams, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and McGOWAN and ROBINSON, Circuit Judges.

PER CURIAM:

■ The question raised is whether on appellant's appeal from conviction of assaulting a police officer, in violation of 22 D.C.Code § 505(a), the trial court erred in refusing to sustain his motions to dismiss and for judgment notwithstanding the verdict, both based on a claim of double jeopardy. The alleged assault occurred when appellant was being arrested, without a warrant, for driving an automobile without a permit. Appellant claims he was not the driver of the automobile, or in any event he was not driving it in the officer's presence. Prior to trial he had been acquitted of the traffic charges of driving with a suspended permit and running a stop sign, which he claims demonstrated that he had been found not to have been driving when arrested and that the arresting officer knew or was chargeable with knowledge of this fact. He says, therefore, that his arrest must be re-

garded as illegal and that to permit the issue of the lawfulness of the arrest to be relitigated in the assault case now before us placed him twice in jeopardy for the same offense.

Neither the lawfulness of the arrest nor any fact bearing thereon was necessarily an issue in the case in which appellant had earlier been acquitted of the traffic charges. The failure to prove beyond a reasonable doubt his guilt on those charges is unrelated to the question of legality of the arrest, measured by the standard of probable cause.[1] Thus the trier of the facts in the traffic case could have "grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Ashe v. Swenson, 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). For this reason, litigation of the lawfulness of appellant's arrest in the present case was not barred by reason of the Double Jeopardy Clause.

■■ Appellant's remaining contention is that the arrest, as is contended, being unlawful, because for a misdemeanor not committed in the arresting officer's presence, no more force was used by appellant than was reasonable in resisting it. We cannot agree. Accepting appellant's premise of an unlawful arrest, our reading of the record leads to a firm conclusion that the assault was part of such an excessive resistance to the arrest as gave solid basis for the jury's verdict.[2] See Abrams v. United States, 99 U.S.App.D.C. 46, 237 F.2d 42 (1956), cert. denied, 352 U.S. 1018, 77 S.Ct. 575, 1 L.Ed.2d 554 (1957).

Affirmed.

1. For the somewhat stricter standard of arrest for a misdemeanor compared with arrest for a felony, see Thomas v. United States, 134 U.S.App.D.C. 48, 412 F.2d 1095 (1969) ; Taylor v. United States, 259 A.2d 835 (D.C.App.1969).

2. We have considered appellant's contention for reversal on the ground of inconsistent verdicts, in that the conviction is for an assault upon only one of three officers involved in the fracas, with acquittal of assault upon the other two. We find no basis for faulting the present conviction because of this difference in the verdicts.