321 A.2d 564 (1974)
In re S. W. B.
Nos. 7373, 7546.
District of Columbia Court of Appeals.
Argued February 13, 1974.
Decided June 25, 1974.
*565 Jeffrey Freund, Washington, D. C., for appellant. Karen Moore, Washington, D. C., appointed by the court, also entered an appearance for appellant.
Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee, District of Columbia.
Before KERN and HARRIS, Associate Judges, and QUINN, Associate Judge, Retired.
KERN, Associate Judge:
Appellant was charged by petition in the Family Division of the Superior Court with assault with intent to commit murder. He was found guilty and placed on probation for a year.
Testimony at the factfinding hearing by complainant Bull, his wife, Irene, and a friend, Lawrence Lee, established that appellant and an adult, Don Houston, forced Bull to leave Lee's car at gunpoint, thereafter they beat up Bull, and then ordered him into another car where they demanded money. Bull told appellant to take him home and he would get some. When they arrived at Bull's home they met Bull's wife and Lee who had gone there to tell her that Bull had been abducted. After some exchange of words it appeared as if appellant and Houston were going to leave without incident even though they had obtained *566 no money, but when Bull was going up the steps to his house and turned to look back, appellant fired a single shot from about 50 feet away striking Bull in the chest.
Appellant challenges his finding of guilt upon the ground that the trial court erroneously failed to comply with the so-called Jencks Act, 18 U.S.C. § 3500 (1970).[1] Specifically, appellant complains of the trial judge's failure to require the Assistant Corporation Counsel at the factfinding hearing (1) to turn over some notes he had scribbled while interviewing the government witness, Irene Bull, on the day of the hearing and (2) to make available to appellant's trial counsel, for the purpose of cross-examination, the testimony that the government witness Willard Bull had previously given to the grand jury in a criminal prosecution brought by the United States against Houston as a result of this incident.[2]
Preliminarily, the government argues that the present appeal is moot because appellant, subsequent to this hearing, was convicted as an adult in another criminal case and has been discharged from the jurisdiction of the Family Division of the Superior Court. Since there is a possibility of adverse collateral effects in later criminal proceedings resulting from the use of juvenile records, which necessarily include the findings in this case, we are unable to conclude this appeal is moot. See Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).
Turning to the merits, we are constrained to affirm the judgment under the following circumstances. The trial court, upon the representation of the Assistant Corporation Counsel but without conducting its own examination or further investigation, ruled that the Assistant's notes were not substantially verbatim and, therefore, not producible under 18 U.S.C. § 3500(e) (2) (1970). While the court should have gone beyond the Assistant's representation to establish that the notes were not substantially verbatim when it ruled that they need not be turned over to appellant's counsel, see Saunders v. United States, 114 U.S.App.D.C. 345, 316 F.2d 346, aff'd after remand, 116 U.S.App.D.C. 326, 323 F.2d 628 (1963), cert. denied, 377 U.S. 935, 84 S.Ct. 1339, 12 L.Ed.2d 299 (1964); see also 1 A.L.R.Fed. 252, 267-269 (1969), we are persuaded that this error does not require remand for a so-called Jencks hearing. The notes are reproduced in the government's brief and are a collection of scarcely intelligible words and phrases jotted down at random. They are clearly not a substantially verbatim recital of oral statements of a witness.
As to the court's conclusion at the factfinding hearing in this case that there was insufficient showing that Willard Bull had ever testified before a grand jury, Corporation Counsel concedes now that Bull did so testify but suggests that counsel's failure to request such testimony before this proceeding commenced should bar application of the Jencks Act.[3] While a *567 request from appellant's counsel prior to the factfinding hearing would indeed have better enabled the court to determine whether Jencks material existed and is consistent with the practice in this jurisdiction, see United States v. Perry, 153 U. S.App.D.C. 89, 99 n. 43, 471 F.2d 1057, 1067 n. 43 (1972), it is not required by the statute. It is not always possible to know of the existence of such testimony until a witness takes the stand and this appears to have been the situation here and explains the failure of counsel to seek the testimony until Bull testified.
We are satisfied, however, that the failure to make available to appellant grand jury testimony of Willard Bull was harmless error because his testimony to the grand jury varied insignificantly from his testimony at trial,[4]see Matthews v. United States, D.C.App., 267 A.2d 826, 828 (1970), cert. denied, 404 U.S. 884, 92 S.Ct. 221, 30 L.Ed.2d 166 (1971); United States v. Allegrucci, 299 F.2d 811 (3d Cir. 1962), cert. denied, 372 U.S. 954, 83 S.Ct. 950, 9 L.Ed. 2d 978 (1963); United States v. Annunziato, 293 F.2d 373 (2d Cir.), cert. denied, 368 U.S. 919, 82 S.Ct. 240, 7 L.Ed.2d 134 (1961), and two other eyewitnesses corroborated Bull's version of the shooting, see United States v. Missler, 414 F.2d 1293, 1304 (4th Cir. 1969), cert. denied, 397 U.S. 913, 90 S.Ct. 912, 25 L.Ed.2d 93 (1970).[5]
Accordingly, the judgment must be and is
Affirmed.
NOTES
[1] We expressly held the Jencks Act applicable to paternity proceedings which we recognize to be "quasi-criminal". Saunders v. District of Columbia, D.C.App., 263 A.2d 58, 60 (1970). In District of Columbia v. M.E. H., D.C.App., 312 A.2d 561 (1973), we concluded that a juvenile in a delinquency proceeding is charged with a criminal offense for purposes of suppression hearings prior to the factfinding hearings. Hence, the applicability of the Jencks Act to this proceeding seems beyond question and is not treated by the parties as a contested issue.
[2] Bull testified before a grand jury in the case of United States v. Houston, Super.Ct. Crim. No. 13069-73.
[3] That statute provides in pertinent part:

After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. . . .
. . . . .
The term "statement" . . . means 
. . . . .
a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.
[4] Some of the facts omitted in Bull's trial testimony which were included in his grand jury testimony were supplied by the two prosecution witnesses who testified before Bull, thereby supporting our conclusion that failure to produce the grand jury testimony was not prejudicial. (See Tr. at 19, 20, 43-44.)
[5] Appellant has moved to strike Appendices C and D from the government's brief as containing material that should supplement the record on proper motion rather than be submitted to the court on brief. These appendices contain the alleged Jencks material  the Assistant Corporation Counsel's notes and Bull's grand jury testimonywhich were not submitted to the trial court for its own review. While we believe it would have been more desirable for the trial court to have passed on the Jencks issues involving these materials first, we will not refrain from considering them here when there are no issues of fact in dispute and we can conclude as a matter of law that the Assistant Corporation Counsel's notes (Appendix C), were not producible under 18 U.S.C. § 3500(e) (2) (1970), and that the failure to produce the grand jury testimony (Appendix D) under 18 U.S.C. § 3500(e) (3) (1970) was harmless error.

A motion to strike a part of the brief in a future case might well lie if this procedure results in prejudice to the defense or is otherwise objectionable.