Terry Lynn FRYE, Appellant,

v.

UNITED STATES, Appellee.

No. 89–1460.

District of Columbia Court of Appeals.

Argued Oct. 23, 1991.

Decided Dec. 4, 1991.

Linda Sroufe, appointed by this court, for appellant.

Carolyn K. Kolben, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Elizabeth Trosman, and Virginia C. Veltrop, Asst. U.S. Attys., were on the brief, for appellee.

Before STEADMAN, FARRELL and KING, Associate Judges.

FARRELL, Associate Judge:

The sole issue presented is whether untranscribed testimony which a government witness, a police officer, gave in a related juvenile proceeding involving another defendant is a statement "in the possession of the United States" within the meaning of the Jencks Act, 18 U.S.C. § 3500 (1985). On the strength of our own previous decisions and ample authority from the federal courts, we answer that question "no" and affirm.

I.

A jury found appellant guilty of one count of possessing heroin (D.C.Code § 33–541(d) (1988)). The facts supporting the conviction are not in issue and need not be detailed here. A juvenile was arrested the same day as appellant and separately charged by the Office of Corporation Counsel, resulting in a juvenile adjudication of delinquency for possessing cocaine with intent to distribute. One of the government witnesses at appellant's trial, Officer Nitz, also testified at the juvenile adjudication.[1] Before appellant's trial began, his counsel requested that the government turn over to

---

1. Appellant and the juvenile were arrested and charged because of related events on the same day. They were charged and tried separately and neither one testified at the other's trial. It is unclear just how much involvement the two had with each other during the events in question. Officer Nitz testified that he saw the two exchange a bicycle. He did not testify as to any other objects being exchanged. The juvenile then rode the bicycle out of the officer's line of sight. Another officer who testified, Officer Campbell, also testified that the two exchanged a bicycle, but that was all. Their convictions were also different: appellant's was for simple possession of heroin; the juvenile's adjudication was for possession with intent to distribute cocaine. This court, however, cannot guess as to the substance of Officer Nitz's testimony at the juvenile proceeding.

the defense a transcript of Officer Nitz's testimony in the juvenile proceeding as Jencks material under 18 U.S.C. § 3500 (1985) and Super.Ct.Crim.R. 26.2. A lengthy discussion followed as to application of the Jencks Act to Nitz's testimony. It was determined that, although a court reporter was present at the juvenile hearing, a transcript of the proceeding had not been prepared. Defense counsel conceded that the untranscribed material, in the form of the court reporter's notes, was "technically within the custody of the [Superior] Court."

The issue was complicated by the fact that records of juvenile proceedings are confidential court records, to which only limited access is permitted. D.C.Code § 16–2331 (1989). Under this section, the Office of the United States Attorney is granted access to juvenile records to prepare the prosecution of another case arising out of the same transaction or occurrence. D.C.Code § 16–2331(b)(6).[2] The Superior Court may restrict this access by rule or special order.[3] "[O]ther persons having a professional interest in … the work of the Superior Court" may be granted access only "if authorized by rule or special order of the court." D.C.Code § 16–2331(b)(7); *see also* Super.Ct.Juv.R. 55(b)(2). Appellant made no request for a court order directing preparation of a transcript of Officer Nitz's testimony under these provisions; he simply argued that it was the government's obligation to produce the transcript under the Jencks Act.

The trial judge rejected this argument, reasoning that under the Jencks Act, the United States is

not required to manufacture statements, to manufacture records, to manufacture transcripts. [The Act] deals with what statements are in existence. At this point … it seems to me that the Jencks Act does not require a transcript to be transcribed and produced. So I'm going to deny the request that the United States Attorney produce at this point what is a nonexistent transcript.… I think it's plain since the transcript has not been produced that it's not in the possession of the United States.

Appellant contends that this ruling was error and denied him access to material properly discoverable under the Jencks Act.

II.

 The Jencks Act provides in pertinent part:

(a) In any criminal prosecution brought by the United States, no statement or report *in the possession of the United States* which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness *in the possession of the United States* which relates to the subject matter as to which the witness has testified.

\* \* \* \* \* \*

---

**2.** It is not entirely clear whether the United States Attorney has access to the juvenile record *before* it has been officially transcribed. D.C.Code § 16–2331(a) defines a juvenile case record as:

(1) Notices filed with the court by an arresting officer pursuant to this subchapter.

(2) The docket of the court and entries therein.

(3) Complaints, petitions, and other legal papers filed in the case.

(4) Transcripts of proceedings before the court.

(5) Findings, verdicts, judgments, orders, and decrees.

(6) Other writings filed in proceedings before the court, other than social records.

The United States Attorney's access is limited to "juvenile case records" as defined by the statute. D.C.Code § 16–2331(b).

**3.** "(c) Notwithstanding subsection (b), the Superior Court may by rule or special order provide that particular items or classes of items in juvenile case records shall not be open to inspection except pursuant to rule or special order.…" D.C.Code § 16–2331(c).

(e) The term "statement" ... means—

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or

(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. §§ 3500(b), (e) (emphases added).[4] The Jencks Act is "a limited statutory scheme which serves the concurrent purposes of aiding the search for truth by facilitating the impeachment of a witness who has given a statement to the government, while at the same time regulating access by the defense to materials and evidence within the government's possession." *March v. United States*, 362 A.2d 691, 698 (D.C.1976) (citing *Palermo v. United States*, 360 U.S. 343, 354, 79 S.Ct. 1217, 1225, 3 L.Ed.2d 1287 (1959)). Four prerequisites must be satisfied before discovery is allowed under the Act. "[T]he material must be in the possession of the government; the defense must request the material; the material must constitute a 'statement' as defined at 18 U.S.C. § 3500(e); and the statement must relate to the subject matter of the witness' direct testimony." *Butler v. United States*, 481 A.2d 431, 446 (D.C.1984), *cert. denied*, 470 U.S. 1029, 105 S.Ct. 1398, 84 L.Ed.2d 786 (1985). Only the first of these requirements, possession by the government, is at issue here.[5]

As to what constitutes "the government" for purposes of Jencks Act disclosure, it is clear that "[t]he duty of disclosure affects not only the prosecutor, but the Government as a whole, including its investigative agencies." *United States v. Bryant*, 142 U.S.App.D.C. 132, 140, 439 F.2d 642, 650 (documents in control of then Bureau of Narcotics and Dangerous Drugs in possession of government), *aff'd after remand*, 145 U.S.App.D.C. 259, 448 F.2d 1182 (1971). *See also Montgomery v. United States*, 384 A.2d 655, 661–62 (D.C.1978) (duty to preserve Jencks material applies to all investigative agencies of the government); *Duncan, supra* note 4, 126 U.S.App.D.C. at 375, 379 F.2d at 152 (Jencks Act requirements apply to documents in custody of Metropolitan Police Department). On the other hand, two previous decisions of this court together strongly imply that untranscribed testimony in a juvenile proceeding is not material within the possession of the United States for Jencks Act purposes.

In *McClain v. United States*, 460 A.2d 562 (D.C.1983), the appellant claimed that the government should have been required under the Act to provide him with portions of a pretrial hearing relating to his request for an order to compel an eyewitness to talk with defense counsel. In rejecting this contention, we stated, *inter alia:*

> Appellant has cited to no precedent requiring the government, under the Jencks Act, to produce a transcript from stenographic notes of a court proceeding. Such materials, as a matter of public record, are equally available to the defense. The transcript was not requested until the day of trial, ... and then there was no claim that it was in the government's possession....

---

**4.** The Jencks Act applies to cases prosecuted by both federal and District of Columbia authorities, *Duncan v. United States*, 126 U.S.App.D.C. 371, 379 F.2d 148 (1967), and to juvenile proceedings prosecuted by the Office of the Corporation Counsel. *In re S.W.B.*, 321 A.2d 564 (D.C.1974). Superior Court Criminal Rule 26.2 implements the Jencks Act in this jurisdiction. *Washington v. United States*, 499 A.2d 95, 99 (D.C.1985). This rule also contains what is referred to as "reverse Jencks" requirements, in that both parties have the right to request im-

peachment material, although not in juvenile proceedings. *See In re S.H.*, 570 A.2d 814, 818–19 (D.C.1990). However, as in the Jencks Act itself, the duty to produce materials attaches only to statements that are "in their [the party's] possession." Super.Ct.Crim.R. 26.2(a).

**5.** There is no dispute that even untranscribed, the court reporter's notes in the juvenile proceeding constituted a "statement" under 18 U.S.C. § 3500(e)(2).

*Id.* at 570 (footnote omitted). In *Collins v. United States,* 491 A.2d 480 (D.C.1985), *cert. denied,* 475 U.S. 1124, 106 S.Ct. 1646, 90 L.Ed.2d 190 (1986), we dealt with documents not "a matter of public record" in the related context of the government's duty to disclose exculpatory evidence in its possession under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The defense claimed error in the prosecutor's failure to disclose records indicating that the juvenile complaining witness had received some type of psychological treatment in the past, citing *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). We rejected this claim partly for the reason that,

> [a]s the government points out, to come within *Davis v. Alaska, supra,* "*a fortiori* the material to which [appellants] seek access must in fact exist." The juvenile social file and the [18 U.S.C.] § 5010(e) study are not public documents in possession of the prosecutor; the former is a confidential court record, D.C.Code § 16–2332 (1981), and the latter is a presentence report prepared for the court subject to limited disclosure, Super.Ct.Crim.R. 32(b)(3) (a study conducted pursuant to 18 U.S.C. § 5010(e) (1982) is a "presentence investigation" and subject to limited disclosure to the defendant prior to sentencing).

491 A.2d at 485.

*McClain* thus implies that untranscribed court testimony, because it remains in the control of the Court Reporter Division of the Superior Court, is not "in the possession of the United States" as the Jencks Act requires. And *Collins,* though dealing with the related duty of disclosure under *Brady,* implies that stenographic notes of juvenile proceedings are not Jencks material because they "are not public documents in possession of the prosecutor," but rather a "confidential court record."

This distinction between material possessed by the investigative or prosecutive branches of government and material within the control of the court is firmly established in federal decisions applying the Jencks Act. In *United States v. Dansker,* 537 F.2d 40 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977), the court held that a pre-sentence report and statements contained in it, prepared by the probation department at the direction of the court, are not within possession of the prosecution and hence the government for Jencks Act purposes. "In speaking of statements 'in the possession of the United States,' we understand the statute to require production only of statements possessed by the prosecutorial arm of the federal government." *Id.* at 61. In a case similarly dealing with pre-sentence reports, the Fifth Circuit reasoned at greater length:

> Probation officers, serving by appointment of and under the direction of the district courts, are, in a broad sense, employees of the United States, but the term "United States" in § 3500 has a narrower meaning, as evidenced by § 3500(a), which states that the Act is applicable "[i]n any criminal prosecution *brought by the United States ...*" (emphasis added). With that language we think the term "United States" is shown to mean the *prosecutorial* division of the government, at least within § 3500(a); that this interpretation should also apply to § 3500(b)'s use of the term "United States" is evidenced by the differentiation within § 3500(b) between "the court," which on motion of the defendant is required to order production of the statement, and the "United States," for whom the witness has testified and to whom the production is directed. In sum, a "statement ... in the possession of the United States" can only be read to mean a statement in the hands of the federal *prosecutor....* [The witness'] presentence report remained in the control of his probation officer, and § 3500 does not reach it.

*United States v. Trevino,* 556 F.2d 1265, 1271 (5th Cir.) (emphasis in original), *reh'g denied,* 562 F.2d 1258 (5th Cir.1977).

The same conclusion has been reached with regard to untranscribed testimony. *See United States v. Clark,* 928 F.2d 733, 738 (6th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 144, 116 L.Ed.2d 110 (1991)

("Agent DeWald's testimony at the detention hearing was not transcribed at the time of trial and, thus, the government was not in possession of the information sought"); *United States v. Moeckly,* 769 F.2d 453, 464 (8th Cir.1985) ("In regard to the federal trial in Miami, the testimony had not been transcribed and therefore was not in possession of federal authorities"), *cert. denied,* 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986); *United States v. Cagnina,* 697 F.2d 915, 922 (11th Cir.) ("Anything in control of a district court, such as the court reporter's notes, is not in the possession of the prosecutor and therefore does not fall within the requirements of the Jencks Act"), *cert. denied,* 464 U.S. 856, 104 S.Ct. 175, 78 L.Ed.2d 157 (1983).[6]

Appellant acknowledges the weight of this authority but urges that a broader definition of "possession" should apply in the case of documents or testimony to which the parties have unequal access, as is true (he asserts) of juvenile records. The pre-sentence report cases cited above cast doubt on this argument at the outset. Also, appellant has not disputed the government's representation that it sought no access to Officer Nitz's untranscribed testimony in any form in preparing its case. The Jencks Act is not "so elastic as to embrace [such] materials" to which the prosecutor has never sought access. *United States v. Hutcher,* 622 F.2d 1083, 1088 (2d Cir.), *cert. denied,* 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980). Moreover, the unequal access argument is not raised

by these facts because appellant never requested an order directing preparation of the transcript, and has not demonstrated that such a request would have been futile. It is true that D.C.Code § 16–2331(b) does not expressly provide for access to juvenile records by defense counsel in criminal cases; to acquire access these attorneys would have to come within the language "other persons having a professional interest in the ... work of the Superior Court, if authorized by rule or special order of the court." § 16–2331(b)(7). It is at least arguable that a defense attorney is sufficiently interested in the "work of the Superior Court," as it pertains to his or her client, to fall within this provision. We need not decide that issue, however, given appellant's failure to request preparation of a transcript.

The judgment of the Superior Court is *Affirmed.*

KING, Associate Judge, concurring:

I am in complete agreement with the opinion of the court and join it without reservation. I write separately, however, to note one point relevant to the issue raised in this appeal. On October 1, 1987, the Chief Judge of the Superior Court promulgated a memorandum establishing procedures to be followed by attorneys representing defendants in adult criminal cases who are seeking juvenile transcripts related to the adult matter. The memorandum is set forth in full in the margin.[1] It

---

6. *See also United States v. Bernard,* 625 F.2d 854, 859 (9th Cir.1980) ("The purpose of the Act was to make any *existing* prior statements made by a government witness equally available to the defense and the prosecution.... We cannot read into this requirement a further requirement that the government create such discoverable statements in the first instance") (emphasis in original); *United States v. Lieberman,* 608 F.2d 889, 897 (1st Cir.1979) (" '[N]o part of the Jencks Act has ever been construed to require the government to *develop* potential Jencks Act statements' ") (emphasis in original; citations omitted), *cert. denied,* 444 U.S. 1019, 100 S.Ct. 673, 62 L.Ed.2d 649 (1980).

1. MEMORANDUM TO ALL JUDGES AND COMMISSIONERS NO. 223–87 RE: ACCESS TO TRANSCRIPTS OF JUVENILE PROCEEDINGS

We have recently had a request from the Director of the Court Reporter Division for approval of a procedure to be followed when transcripts of juvenile proceedings are ordered in connection with adult criminal charges.

I have concluded that court approval for the preparation of juvenile transcripts and ultimate approval of making them available to the defense in adult criminal proceedings rests with the judge to whom the adult case is assigned in the Criminal Division. It is that judge who will be presiding over the adult felony or misdemeanor trial and who, therefore, will be in a position to make the legal judgment with respect to whether or not the confidentiality normally associated with juvenile transcripts should be breached. Approval will not rest with the Presiding or Deputy Presiding Judge of the Family Division. See memo from Judge

requires that a motion seeking the transcript in the juvenile proceeding be filed with the judge in the criminal case. As noted in the court's opinion, no such request was made in this case.

Mencher to Judge Ugast of August 20, 1987 attached hereto.

In the future the following procedure should be adhered to: Judges in the Criminal Division will not approve the preparation of transcripts involving juvenile proceedings without a motion being filed by defense counsel (perhaps *ex parte* in certain cases). The judge will then issue an order which will make clear whether he/she is (a) denying the actual preparation of the transcript by the Court Reporter Division, (b) autho-

rizing the preparation of the transcript and delivery thereof to defense counsel, or (c) authorizing the preparation of the transcript and delivery thereof to chambers for an *in camera* inspection and (d) notifying the requesting party that he/she must either make financial arrangements for the payment for the transcript or provide proper CJA authorization for the judge's signature.

ss: Chief Judge Ugast
October 1, 1987