James **JOHNSON**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 92–CV–38.

District of Columbia Court of Appeals.

Argued Jan. 13, 1995.

Decided March 2, 1995.

---

**2.** Violations of DR 1–102(A)(3) and DR 1–102(A)(4).

**3.** Rule 8.4(d); Rule XI § 2(b)(3) of the District of Columbia Rules of Professional Conduct.

Richard J. Mudd, for appellant.

Phillip A. Lattimore, Asst. Corp. Counsel, with whom Vanessa Ruiz, Acting Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Juleen E. Savarese, Sp. Asst. Corp. Counsel, were on the brief, for appellee.

Before TERRY and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

Appellant contends the trial court erred: (1) by not exempting appellant's expert witness from the trial court's sequestration of all witnesses; (2) by allowing appellee's counsel, over objection, to assert in his opening statement that appellant was contributorily negligent; and (3) by denying appellant's motion for a new trial. We affirm the decision of the trial court.

On January 17, 1990, appellant, while being arrested during a domestic conflict, sustained a severe eye injury that resulted in the removal of his right eye. Appellant filed a complaint on July 3, 1990, alleging that excessive force was used during his arrest. During trial, the court made two rulings that are involved in this appeal: the rule on witnesses was invoked (witnesses were excluded from the courtroom, including an expert witness, except when testifying) and appellee's counsel, over objection, was permitted to assert in his opening statement that appellant was contributorily negligent. The jury returned a verdict in favor of the District of Columbia. Appellant's motion for a new trial was denied.

The exclusion of witnesses from the courtroom during trial is a matter within the discretion of the trial court. *See Matthews v. United States,* 267 A.2d 826, 829 (D.C.1970) ("Whether or not to exclude witnesses is a question addressed to the discretion of the trial court"), *cert. denied,* 404 U.S. 884, 92 S.Ct. 221, 30 L.Ed.2d 166 (1971); *Bedrosian*

*v. Wong Kok Chung,* 33 A.2d 811, 812 (D.C. 1943) (same). In order to show an abuse of discretion appellant must show prejudice. *Id.* Appellant has not demonstrated that the exclusion of his expert witness, Mr. Jackson, from the courtroom resulted in prejudice to him. It is apparent from the record that the jury heard Mr. Jackson give substantial testimony in favor of appellant that was not affected by his absence from the courtroom during the trial.[1] Mr. Jackson testified in detail about his educational and vocational background concerning, *inter alia,* police practices and use of force; he testified in detail about his trial court preparation (including visiting the site of appellant's injury, interviewing eyewitnesses, and reviewing various case documents and other materials discussing District of Columbia police practices, etc.); he articulated the factors that a police officer should consider in deciding what amount of force to use during an arrest; he ultimately concluded that excessive force was used to arrest appellant; and he gave a detailed explanation of how appellant's injuries could have been avoided. This testimony was rather extensive, and we conclude there was no abuse of discretion in the trial court's decision to exclude expert witness Mr. Jackson, along with the others, from the courtroom during the trial.

Nevertheless, while we find no abuse of discretion here, it is worth pointing out that in applying Rule 615 of the FEDERAL RULES OF EVIDENCE (discussing the exclusion of witnesses), federal courts have relied upon a well-established distinction between factual witnesses and expert witnesses: "We perceive little, if any, reason for sequestering a witness who is to testify in an expert capacity only and not to the facts of the case.... [T]he presence in the courtroom of an expert witness who does not testify to the facts ... hardly seems suspect and will in most cases be beneficial, for he will be more likely to base his expert opinion on a more accurate understanding of the testimony as it evolves before the jury." *Morvant v. Construction Aggregates Corp.,* 570 F.2d 626, 629–30 (6th Cir.), *cert. dismissed,* 439 U.S. 801, 99 S.Ct. 44, 58 L.Ed.2d 94 (1978); *Polythane Systems v. Marina Ventures Int'l,* 993 F.2d 1201, 1209–10 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1064, 127 L.Ed.2d 383 (1994) (quoting *Morvant, supra,* 570 F.2d at 629–30); *United States v. Lussier,* 929 F.2d 25, 30 (1st Cir.1991) (citing *Morvant, supra,* 570 F.2d at 629–30); *United States v. Burgess,* 691 F.2d 1146, 1157 (4th Cir.1982) (same); *see also Malek, supra,* 994 F.2d at 54 (the expert, whose assistance was important to plaintiff's case, was "not a 'fact witness whose recollection might have been colored' by the testimony of other witnesses" and should have been allowed to remain in the courtroom) (citation omitted). Furthermore, under Rule 615, a party is entitled to show that his expert is "essential to the presentation of the party's cause" and therefore should not be excluded from the courtroom: "[W]here a fair showing has been made that the expert witness is in fact required for the management of the case, ... we believe that the trial court is bound to accept any reasonable, substantiated representation to this effect by counsel." *Malek, supra,* 994 F.2d at 53–54 (discussing the Rule 615(3) exemption to witness exclusion and quoting *Morvant, supra,* 570 F.2d at 630).

■ In the future, therefore, it would seem prudent for the trial court to consider the appropriate distinctions between factual witnesses and expert witnesses in deciding whether to exclude witnesses from the courtroom.[2] In particular, the trial court should allow parties the opportunity to show any potential prejudice they may endure by the exclusion of their expert—i.e., why the ex-

---

1. Specifically, our review of the record reveals that the in-court testimony regarding the use of excessive force did not differ significantly from the reports and other documents available to appellant's expert prior to trial. *Compare Malek v. Federal Ins. Co.,* 994 F.2d 49, 54 (2d Cir.1993) (where a witness testified to an important factual finding that was absent from his report, the trial court abused its discretion in sequestering an expert witness, and a ten-minute recess was not an adequate substitute for the expert's presence in court).

2. It is clear, however, that expert witnesses are not automatically exempted from a witness sequestration order. *See, e.g., Morvant, supra,* 570 F.2d at 630.

pert's presence in the courtroom is "essential to the presentation of the party's cause."[3]

■ Appellant's next contention that the trial court committed prejudicial error by allowing a reference during opening argument to appellant's alleged contributory negligence is without merit. Appellant fails to cite any supporting authority or show any specific prejudice suffered by the trial court's ruling concerning appellee's opening statement. Moreover, in reviewing the case cited by appellant upon his objection to the statement and subsequently instructing appellee's counsel to eliminate all future references to issues concerning contributory negligence, it is clear from the record that the trial court actions were appropriate.[4]

■ Finally, the trial court did not abuse its discretion in denying appellant's motion for a new trial based, *inter alia,* on a claim that the jury verdict was against the weight of the evidence. A party has a right to a new trial only if an error at trial denied the party substantial justice. *See* Super.Ct.Civ.R. 59. Furthermore, a trial court's denial of a motion for a new trial will not be reversed absent an abuse of discretion. *See, e.g., Queen v. District of Columbia Transit System, Inc.,* 364 A.2d 145, 148 (D.C. 1976); *id.* at 148 n. 4 (discussing against the weight of the evidence claim). Our review of the record does not reveal that there was insufficient evidence to support the jury verdict.

We conclude there was no error of law requiring reversal.

*Affirmed.*

---

3. The record before us reveals that appellant was not given the opportunity to explain why his expert should not be excluded from the courtroom. However, as stated, appellant has failed to demonstrate a clear abuse of discretion in this case. Nonetheless, given that experts often derive their opinions from many sources—including facts or data presented for the first time at trial—and that experts often advise counsel concerning important issues that develop throughout the course of litigation, the trial court should give parties a reasonable opportunity to explain

the necessity of their expert's presence in the courtroom, and this was absent here.

4. The case cited by appellant was *District of Columbia v. Peters,* 527 A.2d 1269, 1274 (D.C. 1987) (holding that contributory negligence is not a defense to police use of excessive force). Furthermore, it is clear that the District of Columbia acted in good faith in its assertion of contributory negligence because appellant's complaint included a negligence claim (which was later withdrawn).